## HODGKINS *vs.* THE MONTGOMERY COUNTY MUTUAL INSURANCE COMPANY.

An insurance company is chargeable with knowledge of all the facts stated by an applicant for insurance, to the company's agent, respecting the applicant's title and interest in the insured premises. And if the applicant, on applying to such agent, for insurance, truly states to him the real condition of the property, he cannot be held to have made any misstatement, or practiced any concealment in reference to the company, notwithstanding the written application varies from such statement.

Among the conditions and stipulations attached to a policy of insurance, and subject to which it was issued and received, were the following : All persons sustaining damage by fire were forthwith to give notice to the company, and within forty days they were to "*deliver in* a particular account" of such loss or damage. Losses were payable by the company within three months after the loss should have been ascertained and proved and the statement made as above. Then followed this clause: "All *communications and notices* to the company must be post paid and directed to the secretary, at C." The statement of the loss was made out, sworn to, and deposited in the post office, inclosed in a sealed envelope, postage paid, and addressed to the secretary of the company at C., but was never received

34 213
77h 423

by the company. *Held* that the condition requiring the insured to "deliver in" the statement of loss within forty days was a positive requirement of the policy on that particular subject, which could not be deemed superseded or nullified by the general direction to forward communications and notices by mail; and that in sending such statement by mail, the insured had not complied with the conditions of the policy.

ON the 16th of April, 1855, the defendant insured the plaintiff against fire for five years from April 9, 1855, in the sum of $1000. In the conditions annexed to the policy it was provided that when applications were filled out by the agent of the company, the company would be bound by the survey; that if the applicant make any misrepresentation or concealment or *misstate his own interest in the property*, the insurance should be void; that persons sustaining loss should forthwith give notice, and within forty days *deliver in a particular account of such loss*, signed and verified; that *all communications and notices to the company must be post paid and directed to the secretary*, at Canajoharie, &c. January 9, 1858, the house was burned, and the damage was $1300. The plaintiff gave due notice of the loss, and on the 15th day of February, 1858, made the sworn statement of the particular account of the loss as required, and left it with his counsel to be by him forwarded to the company. The counsel regarding the statement of the account of the loss as a *communication to be made to the company*, sent it by mail to the secretary of the company, at Canajoharie, as directed in the conditions annexed to the policy. The company never received it. The house was built by the plaintiff, on land held under a contract, for the purchase thereof, from one Le Ray de Chaumont, which land was not fully paid for. There were arrears due from the plaintiff upon the contract, and no deed was due or demandable until further payment. The application was signed by the plaintiff and contained these words: "The above property is situated in the village of Carthage, *and is owned and occupied by me*." This statement was written by the defendant's agent, after he had been told the true state of the title, and had been shown the contract

between Le Ray de Chaumont and the plaintiff for the sale and purchase of the premises. The defendant refused to pay, on two grounds, viz: 1st. The plaintiff's misstatement of his interest in the property. 2d. The plaintiff's failure to furnish to the company the particular account of the loss, as required by the conditions of insurance.

The motion here was to overrule these two objections and order judgment for $1175 and costs, upon a special verdict finding the foregoing facts.

*J. F. Starbuck*, for the plaintiff.

*F. W. Hubbard*, for the defendant.

*By the Court*, BACON, P. J. Two questions only arise in this case, and are urged by the counsel for the defendant as a bar to the recovery—1st, as to the omission of the plaintiff to state truly his title and interest in the insured premises; and 2d, his failure to serve a sufficient notice of the proof of his loss, as required by the policy.

As to the first ground, it has already been decided by the general term in this district that knowledge in the agent by whom the insurance is agreed to be made, and who takes and fills out the applications, of the existence of incumbrances upon the title, or of prior insurances, is knowledge on the part of the company. The case of *Ames* v. *N. Y. Union Insurance Co.* (14 *N. Y. Rep.* 253) is in principle precisely like this, and the same doctrine is held in several other cases; the common ground upon which they proceed being that the company is chargeable with knowledge of all the facts stated by the applicant for insurance to the agent, and he having truly stated to the agent the real condition of the property, cannot be held to have made any misstatement or practiced any concealment in reference to the company. Such was the case here, as the testimony discloses, and the first objection is thus disposed of.

The second has a more serious aspect, and I am inclined to think is a fatal bar to the recovery. Among the conditions and stipulations attached to the policy in this case, and subject to which it was issued and received, are the following: "All persons sustaining damage or loss by fire are forthwith to give notice to the company, and within forty days are to "*deliver in* a particular account" of such loss or damage. Losses are payable by the company within three months after the loss shall have been ascertained and proved and the statement made as above. Then follows this clause: "All *communications and notices* to the company must be post paid and directed to the secretary at Canajoharie, N. Y."

The statement of the loss, in this case, was made out and sworn to and then deposited in the post office at Carthage, Jefferson county, inclosed in a sealed envelope, postage paid, and addressed to the secretary of the defendant at Canajoharie. This statement was never received by the company. The counsel for the plaintiff insists that this was a compliance with the condition of the policy, being, in the words of the clause, a "communication" which the insured was authorized thus to transmit. He claims that the object of the statement being to communicate information which the company called for, it comes within the precise definition of that word; and that if there is any ambiguity about it, the interpretation is to be most strongly against the party using it, and most favorably for the party to whom the word is given to construe, in accordance with the approved maxim, "*verba fortius accipiuntur contra proferentem.*" There is force in this consideration, and I am not sure that if this clause in the policy stood alone, and nothing else had been said in connection with the statement which the insured was to furnish, we should not be bound to give it that construction. But the difficulty is that there is another condition specifically pointing to this very statement or account, and which requires the party to "*deliver it in*" to the company within forty days after the loss has occurred.

Hodgkins *v.* Montgomery County Mutual Ins. Co.

This is a positive requisition in respect to the very thing which the party undertook to do by transmitting his papers by mail, and it seems to me it can only be met by an actual delivery to some officer of the company, at its place of business. A party may doubtless, if he chooses to run the risk, send his proofs by mail, and if they are received without objection, all will be well. Such was the case of *Bumstead* v. *Dividend Mut. Ins. Co.* (2 *Kern.* 81,) where proofs were thus transmitted and shown to have been received by the company. A positive requirement of the policy on the very subject in question, can hardly be deemed superseded or nullified by a general direction to forward communications and notices by mail, and which would very well apply to the first informal and preliminary notice of loss, and as a direction to agents in their multifarious communications to the company.

To uphold the construction of the plaintiff would render the first condition wholly nugatory, and no rule of interpretation will authorize or require this. We must give effect to both clauses, if possible, so that both may stand, and we have seen that there is abundant room for both to operate and be effective. To allow a mere proof of service by mail would be exceedingly unsafe for insurance companies, and it will hardly be presumed, in the absence of an explicit authorization on their part, that they intended any such thing by a general direction which it seems to be clear had other objects in view, and can be satisfied without giving it so loose and wide a construction.

Upon the whole, although greatly disinclined to favor technical defenses on the part of insurance companies, to meritorious claims, I think the plaintiff failed to comply with the conditions of the policy which required him to furnish in season due proof of his loss, and consequently that there must be judgment in this case for the defendant.

[ONONDAGA GENERAL TERM, July 2, 1861. *Bacon, Allen; Mullin* and *Morgan,* Justices.]