HENRY D. BROOKMAN et al., Appellants, *v.* HENRY T. HAMILL et al., Respondents.

In an action upon a bond, where it appears on the face of the complaint that such bond was void, because taken by a judicial officer in a proceeding of which he had no jurisdiction; the Supreme Court at General Term has power to reverse a judgment for plaintiff, for the error appearing upon the record, although no exceptions were taken upon the trial. (*Vose* v. *Cockroft*, 44 N. Y., 415, distinguished.)

(Argued December 5th, 1871; decided December 12th, 1871.)

Motion for re-argument.

THE action was brought upon a bond given to discharge a vessel from an attachment issued in pursuance of chapter 482, Laws of 1862. The case is reported in 43 N. Y., 552. Motion made upon the ground that under the decision in *Vose* v. *Cockroft* (44 N. Y., 415), the question as to the constitutionality of the law was waived.

*E. Terry*, for motion.

*W. J. Foster*, opposed.

Per CURIAM. This case differs from that of *Vose* v. *Cockroft* (44 N. Y., 415), upon which the appellant founds his motion for a re-argument. In that case the objection, that the complaint showed no cause of action, was not taken either at Special or General Term, and the judgment was affirmed at General Term. In the present case, the objection was taken at General Term, and the judgment was there reversed. The defect was incapable of being cured by amendment, it appearing, on the face of the complaint, that the bond sued upon had been taken by a judicial officer in a proceeding of which he had no jurisdiction, and that it was, therefore, absolutely void. We held, that in such a case the court at General Term had power to reverse for the error appearing upon the record. Whether, in the absence of any adjudication upon

the point by the General Term, this court would have taken cognizance of it, was not determined.

We see no ground for ordering a re-argument, and the motion must be denied with ten dollars costs.

All concur.     Motion denied.

NOTE.—It will be perceived that the last paragraph of the syllabus of this case as reported in 44 N. Y., 554, goes somewhat beyond the decision.     The question as to what would be the action of the Court of Appeals is not determined.—REP.