*628
 
 Rapallo, J.
 

 USTo appeal to this court having been taken from the order substituting Gertrude A. Hackett as plaintiff, it cannot be reviewed here unless it is an
 
 “
 
 intermediate order involving the merits and necessarily affecting the judgment.” (Code, § 11, subd. 1.)
 

 The order in question related to matters arising subsequently to the rendition of the judgment from which an appeal to the General Term was pending. The only question at that time before the Supreme Court for adjudication, was whether any error of fact or of law had been committed in rendering the judgment appealed from. The substitution of Mrs. Hackett as a party plaintiff, in place of her deceased husband, to defend the judgment on the appeal, could not affect the determination of the appeal, or the order to be made thereon. If no order had been made substituting Mrs. Hackett as executrix in place of Lawrence Hackett, deceased, and the action had been continued in the name of Richard Hackett alone, as survivor, the same judgment must have been rendered. The court could not upon appeal have adjusted the equities between the defendant and the estate of Lawrence Hackett, arising out of Richard Hackett’s release or satisfaction. If affirmed, the affirmance of the judgment must have been for its full amount, and the defendant would have been obliged to take proceedings for the settlement of the lien of the plaintiffs’ attorneys and of the partnership accounts between Richard and Lawrence Hackett, before he could ascertain what sum, if any, he was entitled to have deducted from the judgment by reason of the release from Richard. The same proceedings are open to him now. The judgment which .has been affirmed at General Term is a judgment in favor of Richard and Lawrence Hackett. It belonged to the firm, subject to the lien of the attorneys, and each of the partners had the right to require that its fruits be first applied to the partnership debts before any division should be made between the partners. The events which transpired after the recovery of the judgment did not change the destination of the fund in this respect. Whether it be administered by Richard
 
 *629
 
 Hackett or by the executrix of Lawrence Hackett, it is subject to the payment of the firm debts. The only effect of the discharge given by Bichard Hackett, as restricted by the order of June 1, 1869 (affirmed Sept. IT, 1869, and not appealed from to this court), was to entitle the defendant to be allowed out of the judgment the value of Bichard Hackett’s interest in the judgment, which is his share in the surplus after payment of the firm debts. The interest of the estate of Lawrence Hackett was in no manner increased or affected by the release to the defendant of Bichard’s interest in the judgment. The order of June 1, 1869, is not sought to be reviewed. Under ordinary circumstances, Bichard Hackett, as surviving partner, would have had the sole right to collect and administer the assets of the firm, and the executrix of Lawrence would not have been a proper party to the action. It is by no means clear that the facts shown in this case rendered it regular or proper to constitute her a party plaintiff. If Bichard, the survivor, in whom the legal right of action was vested, was conducting fraudulently, the ordinary and proper course of proceeding was to resort to the equitable jurisdiction of the court, and procure the appointment of a receiver who could have prosecuted or defended the appeal and collected the judgment for the benefit of all concerned. But all these matters were collateral to the merits at the stage of the proceedings at which this question arose. If they had arisen at a stage when a defect of the parties might have been interposed as a defense, they might have had some bearing upon the merits. But not arising until after judgment, they did not affect the result, so far as the defendant is concerned. The judgment and the release of Bichard were a full protection to the defendant for any sum he might finally be obliged to pay, and the question whether the fund should be administered by Bichard alone, or in conjunction with the executrix of Lawrence Hackett, or by her alone, was a matter which only concerned them and the firm creditors. If the defendant thinks he can establish that there will be a surplus after satisfying the lien of the attorneys and the debts of the firm,
 
 *630
 
 so that the release from Richard can operate to the extent of his interest in such surplus, he has the same remedies to obtain that deduction which he would have if the judgment of affirmance had been in the name of Richard as surviving partner. From the statements in the affidavits and on the motion, the' prospect of any such surplus would seem exceedingly remote; but those affidavits would not be conclusive should an accounting be applied for.
 

 The effect of the satisfaction or release would be the same, whether the executrix were made a party or not. If valid, the bringing in of the executrix did not impair its effect. If collusive, her equity to have the judgment enforced and its proceeds applied to the partnership debts would not be affected by it, even though the action had been continued in the name of Richard as survivor; and this equity could have been protected against any further collusion between the parties to the record. In either event the questions arising upon the discharge must have been determined by proceedings collateral to the judgment, and did not relate to the merits of the action or of the appeal.'
 

 The affidavits upon the several motions disclose an extraordinary amount of hard swearing on both sides, and render the merits of the case upon the facts exceedingly doubtful. We should not, however, undertake to re-examine the questions of fact, even did we deem the order properly before us.
 

 We are of opinion, for the reasons stated, that the order making Mrs. Hackett a party did not involve the merits, and that, consequently, the appeal from the judgment does not bring that order up for review. The only remaining questions are those which arise on the appeal from the judgment.
 

 It is claimed by the appellant that the judgment of affirmance is erroneous, in not following the decision of the G-eneral Term, which merely substituted Mrs. Hackett, executrix, as plaintiff, in place of Lawrence Hackett, and did not strike out the name of Richard Hackett as co-plaintiff.
 

 This objection is not available on appeal to this court. On
 
 *631
 
 appeal to the General Term, the judgment may he reversed for error appearing on the record. The power of review is not there restricted
 
 to
 
 actual determinations. (Code, § 348;
 
 Raynor
 
 v.
 
 Clark,
 
 3 Code Rep., 230; 2 Bosw., 117;
 
 Brookman
 
 v.
 
 Hamill,
 
 43 N. Y., 565; S. C., on motion for re-argument, not reported;
 
 Loeschight
 
 v.
 
 Addison,
 
 19 Abb. Prae., 169.) But on appeal to this court the rule is different. This court will only review actual determinations, made at a General Term. (Code, § 11.) These are construed as meaning questions upon which the General Term has actually passed.
 
 (Lake
 
 v.
 
 Gibson,
 
 2 Comst., 188:
 
 Wilkins
 
 v.
 
 Earle,
 
 46 N. Y., 358.) If, therefore, the judgment entered in pursuance of the order of the General Term did not conform to that order, the proper remedy was, by motion in the Supreme Court, to correct the judgment, and not by appeal to this court, in the first instance.
 

 After an examination of the various exceptions taken by the defendant to findings of fact, we are of opinion that none of the findings excepted to are entirely unsupported by evidence. The settlement alleged to have been made after the death of Gibson was far from being proved by uncontroverted evidence, and there was some evidence in support of all the findings excepted to. Rone of the other exceptions which appear in the case are of sufficient moment to require special notice. The judgment should he affirmed, with costs.
 

 All concur, except Folgeb, J., not voting.
 

 Judgment affirmed..