WILLIAM H. DELANEY, Respondent, v. JAMES E. BRETT
et al., Appellants.

The provision of the act establishing the Superior Court of the city of
New York (§ 23, chap. 137, Laws of 1828), which authorizes the chief
justice and associate justices thereof to perform all the duties which a
justice of the Supreme Court is authorized to do out of term, is general
and unrestricted, and authorizes them to perform all the duties of a justice
of the Supreme Court at chambers.   A justice of said court has authority,
therefore, to issue an attachment on a lien claimed under the act pro-
viding for the collection of demands against ships and vessels.   (Chap.
482, Laws of 1862.)
A question as to the constitutionality of a law or as to the sufficiency of a
pleading cannot be raised for the first time in the Court of Appeals.   It
cannot consider a matter or subject that has not been presented for
adjudication to and determined by the subordinate court.
The case of *Brookman* v. *Hamill* (43 N. Y., 554), distinguished.

(Argued May 8, 1872; decided September term, 1872.)

APPEAL from the judgment of the General Term of the
Superior Court of the city of New York, affirming a judg-
ment in favor of plaintiff entered upon a verdict.   (Reported
below, 4 Robt., 712.)

The action was brought on a bond given to discharge an
attachment, issued by a justice of the said court on a lien,
claimed by the plaintiff under the act entitled "An act to
provide for the collection of demands against ships and ves-
sels," passed April 24, 1862 (Laws of 1862, chap. 482), for
two sails furnished by the plaintiff in September, 1864, to
the bark Laura Russ (a sea-going and ocean-bound vessel) on
the order or request of her master.   The attachment was
issued on the 28th day of that month, before the vessel left
the port of New York where the debt was contracted.

The defendants, by their answer, admitted the execution
of the bond, but denied the breach of its condition, and put
the indebtedness claimed in issue.   They also set up, as a
separate defence, that the plaintiff performed certain work
and furnished materials in and about the said bark, at the
request or her master and upon his account and credit, the

value of which had, before the issuing of the said attachment and the commencement of this action, been tendered to the plaintiff by the said master, as well as by the said defendants.

On the trial of the action, before Justice MONELL and a jury, proof was given by the plaintiff tending to show the furnishing of the sails in question on the 23d day of September, 1864, at the price claimed by them, and that it had not been paid. He then offered in evidence the application for the warrant of attachment and a specification of the lien claimed, which appear to have been filed on the 28th day of September, 1864, together with the warrant issued on the same day, and then rested his case.

The counsel for the defendants thereupon moved for a dismissal of the complaint for the reasons following:

1st. That the attachment was not allowed by an officer authorized by law to perform the duties of a justice of the Supreme Court at chambers.

2d. That the application for a warrant does not show that any specification of the lien or claim was filed as required by law, and that the justice for this reason acquired no jurisdiction.

3d. That the application and attachment being statutory proceedings, all the provisions of the statute must be strictly complied with.

4th. That the plaintiff had failed to comply with the provisions of the statute.

The court denied the motion and the defendants' counsel duly excepted.

The defendants then introduced testimony tending to show that no specific price was to be paid for the sails, and that the full value thereof (less than the plaintiff's claim) had been tendered to and refused by him.

The jury found a verdict in favor of the plaintiff for the amount of his bill; and the case states that "the counsel for the defendants thereupon moved the court for a new trial upon the minutes, which motion was denied, and the defendants' counsel duly excepted."

Judgment was then entered on the verdict.

*Robert W. Andrews* for the appellants.

*William W. Goodrich* for the respondent. The officer who allowed the attachment was authorized by law to do so. (*Renard* v. *Hargous,* 3 Kern., 259 ; 3 R. S., 5th ed., 359, § 17.) The question of the constitutionality of the act under which the bond was given not having been raised below, this court will not consider it. ( *Vose* v. *Cockcroft,* 44 N. Y., 424.)

LOTT, Ch. C. It was claimed, as one of the grounds for the dismissal of the complaint, that the attachment for the discharge of which the bond in question was given was not allowed by an officer authorized by law to perform the duties of a justice of the Supreme Court at chambers.

This is not well founded. The act establishing the Superior Court authorizes the chief justice, and each of the associate justices thereof, to perform all the duties which the justices of the Supreme Court out of term are authorized to do and perform by any statute of this State. (See § 23 of chap. 137 of Laws of 1828, and 5th ed. of R. S., vol. 3, p. 329, § 17.)

This is conceded by the appellants' counsel in his points ; but he says "that means where there is no term of the Supreme Court, and no justice of the Supreme Court to perform the duties of such justice."

There is no such restriction or limitation on the authority conferred. That is general, giving a justice of the Superior Court the power to perform *all* the duties that can be done and performed by a judge of the Supreme Court out of term.

That ground of the motion was therefore properly overruled. (*Renard* v. *Hargous,* 3 Kernan, 259.)

The other grounds of the motion are not relied on by the counsel of the appellants, nor noticed on his points.

I have, however, examined them, and neither of them was sufficient to authorize the dismissal of the complaint, and are fully answered by opinion of the General Term. (See, also, *Sheppard* v. *Steele,* 43 N. Y., 52, etc.)

The refusal of the court to grant a new trial on the minutes

affords no ground for reversal. Such a motion can be made upon exceptions or for insufficient evidence or for excessive damages, and for no other cause. (§ 264 of the Code.)

The only exception taken was to the denial of the motion to dismiss the complaint, and that was, as already shown, not well taken.

The evidence was clearly sufficient to warrant the verdict rendered by the jury.

It follows that there is no ground for the reversal of the judgment, so far as any questions were presented for decision either on the trial or at General Term.

It is, however, claimed on behalf of the appellants that " the act of 1862, under which the attachment issued, is unconstitutional and void;" and, also, " that the bond, upon which the action was brought, was void, and the judgment should be reversed for that reason, although no objection on that ground was taken at the trial or at the General Term of the Superior Court."

That claim is answered and disposed of by our decision in *Vose* v. *Cockcroft* (44 N. Y., 415), where it was held and decided, after full consideration, that those objections cannot be raised for the first time in this court, and be made available here as a ground of reversal of the judgment appealed from. We see no reason for questioning that decision. The further discussion and consideration of the question in this case have confirmed us in its propriety. The Court of Appeals is strictly an appellate tribunal. Its jurisdiction is limited to the "*review*" of an "*actual determination*," made at a General Term of the courts from which an appeal is authorized to be taken (Code, § 11); and appeals to it are allowable in such cases only. (§ 333.)

Those terms necessarily exclude the consideration of a matter or subject that has not been presented for adjudication to the subordinate court.

A review of a question contemplates and involves a previous consideration and examination; and its actual determination implies not only that it has been considered and examined,

but that it has in fact been decided and determined. This view was taken by the Court of Appeals of the above provision of the Code soon after its adoption, in *Lake* v. *Gibson* (2 Comstock, 188). In that case an appeal, taken from a judgment of the Superior Court of the city of New York, on a verdict, without any case or bill of exceptions or motion to set aside the verdict being first made, was dismissed.

It was said *per curiam* that " an appeal will not lie unless there has been an actual determination at a General Term. A writ of error by the former practice would lie to bring up the record merely ; but writs of error are abolished by the Code, and the appeal allowed by that enactment does not extend to such a case."

The only ground on which it can be claimed that the question under consideration is open for examination here, is that the complaint does not state facts sufficient to constitute a cause of action. There was no demurrer to the complaint, nor any objection to its sufficiency at any time taken in the court below. The question, therefore, is presented on the face of the complaint only, and is to be treated as if the judgment record, without the case and bill of exceptions, was before us. Thus viewing it, the appeal under the said decision of *Lake* v. *Gibson* (*supra*) would have been dismissed ; and it necessarily follows that the sufficiency of the complaint could not be properly considered on the present appeal to this court.

It is assumed by the appellants' counsel that the decision of the present Court of Appeals in *Brookman* v. *Hamill* (43 N. Y., 554) is adverse to the views above expressed, and "antagonistic" to that in *Vose* v. *Cockcroft*. That is a mistake. There was a motion for a reargument of the case of *Brookman* v. *Hamill*. (See 46 N. Y., 636.)

The court denied the motion, and, in denying it, said : " This case differs from that of *Vose* v. *Cockcroft* (44 N. Y., 415), upon which the appellant founds his motion for reargument. In that case the objection that the complaint showed no cause of action was not taken either at Special or General

Term, and the judgment was affirmed at General Term. In the present case the objection was taken at General Term, and the judgment was there reversed;" and then, after saying that it was held "that in such a case the court at General Term had power to reverse for error appearing upon the record," it is added "whether in the absence of any adjudication upon the point by the General Term, this court would have taken cognizance of it, was not determined."

It may be proper to add in this connection that the same court, by Rapallo, J. (the judge by whom the opinion was delivered in *Brookman* v. *Hamill*), recognized in *Wilkins* v. *Earle* (46 N. Y., 358) the decision in *Lake* v. *Gibson* (*supra*) as a proper construction of sections 11 and 332 of the Code; he there said: "By section 11 of the Code, which defines the cases in which appeals will lie to this court, they are confined to *actual determinations* of the various courts named, made at General Terms thereof." The same principle was reaffirmed by the same court in the case of *McMahon* v. *Rauhr* (47 N. Y., 67, etc.), in which it was held that the General Term of the Common Pleas of N. Y. had no jurisdiction to review on appeal a judgment of the Marine Court by default, under section 35 of the Code, authorizing an appeal from an *actual determination* by the latter court; and subsequently in *Hackett* v. *Belden* (47 N. Y., 624–631).

Those decisions are confirmatory of the views above expressed by me, and of the decision in *Vose* v. *Cockcroft*.

Our conclusion, therefore, is that there is no ground for the reversal of the judgment appealed from. It must, consequently, be affirmed, with costs.

All concur.

Judgment affirmed.