# SUPREME COURT.

RUTH E. DEAN, respondent, agt. THE ÆTNA LIFE INSURANCE COMPANY, appellant.

*Incompetent proof of extension of time of payment of premium on policy of insurance.*

In an action to recover on a life policy of insurance, where the declarations made by the general agent of the defendant some six weeks previous, to prove that an agreement was then made between the assured and the general agent to extend to a certain future day the payment of the premium which had become due, on the policy, and by which agreement thus proved the defendant (the principal) was bound:

*Held,* that such declarations of the general agent were not competent evidence of the existence of the agreement for the extension of the time of payment of the premium. But after this evidence was all in, without objection, the defendant moved for a nonsuit on the ground that it was not proved that the condition of the policy, as to payment, was waived and the time of payment extended by the defendant or any person authorized to do so upon its behalf. The motion was denied and the defendant excepted.

*Held,* that if this objection had been broad enough to present the question whether the agent's declarations were competent evidence to show an extension of the time for the payment of the premium against the defendant, it would have been in time although the proof of them was received without objection.

Neither this motion nor the ground specified in its support, nor any other objection taken during the trial, presented that question. And as it was not raised at any time during the trial, it was necessarily waived when the case was submitted to the jury. The defendant had the right to have the case tried, if it so elected, on incompetent evidence; and the omission at any time to object is conclusive evidence of such waiver.

*General Term, First Department, May,* 1874.

APPEAL from judgment recovered on a verdict rendered at the circuit, and from order denying motion made upon the minutes for a new trial.

*T. G. Strong,* for appellant.

*Joseph H. Choate,* for respondent.

DANIELS, *J.* — By the express terms of both the policies in suit, the premiums upon them were made payable on or before the twentieth day of September in every year, during their continuance. And each contained the statement that it was understood and agreed that in case the premium should not be paid on or before the days mentioned for the payment thereof, the policy should cease and determine. The premiums which became due and payable on the 20th day of September, 1869, were not paid on or before that day, and the consequence resulting from that circumstance was, that the policies ceased and determined unless the time for the payment was extended by some agreement or arrangement binding on the company. That such an agreement had been made was a fact to be satisfactorily established by the plaintiff before her right to recover upon the policies could be maintained, and that she endeavored to prove.

The evidence given in support of that fact consisted of the declarations and statements of the defendant's general agent, in charge of its business at the city of New York. These statements were made on the 2d of November, 1869, and also a few days after the decease of the person whose life was insured by the policies, who died on the nineteenth of November of that year. They tended to show that an agreement was made between him and the defendant's general agent, on the twentieth of September preceding, by which the payment of the premiums for that year was so far extended that no part of them became due until the 5th of November, 1869; and it was shown that payment of such part was tendered

to the agent, and refused by him, after the statements were made and before that day. · At the time when the statements were made by the agent, admitting that he had made an agreement on the 20th of September, 1869, extending the time for the payment of the premiums for that year, he also delivered to the person he had the interview with written memoranda, indicating the amounts required to be paid according to the terms of that agreement; but they did not, of themselves, constitute such agreement, and were not delivered by way of renewing or entering into it. The witness who received them stated that the agent gave him the memoranda "as indicating the arrangement which he had previously stated" to him; and, as such, they were no more than the oral declarations of the agent reduced to writing.

Two other memoranda, signed by the defendant's agent, were found among the papers of the person whose life was insured, after his death, and were received in evidence on the trial; but they were evidently made before the 20th of September, 1869, because they call attention to the fact that the premiums on the policies would become due on that day, and request payment of the amounts. That is succeeded by certain figures unexplained upon the papers, which, with the explanation afforded by the agent's declarations, may possibly tend to indicate the existence of the agreement relied upon to sustain the recovery. But if they are capable of being used in that manner, it could not be done without the declarations themselves; so that if they were incompetent evidence for use in the case, nothing was proved from which an agreement for the extension of the time for the payment of the premiums could be inferred. Substantially, that depended upon the declarations of the agent for proof of its existence. Without them, there was nothing from which the extension of the time for the payment of the premiums could properly be found as a fact.

In this state of the proof, and after the evidence was all taken, the defendant moved for a nonsuit, specifying, among

other reasons, in support of its motion, that it was not proved that the conditions of the policies as to payment were waived, and the time of payment extended, by the defendant or any person authorized to do so upon its behalf. The motion was denied and the defendant excepted. If this objection had been broad enough to present the question whether the agent's declarations were competent evidence to show an extension of the time for the payment of the premiums against the defendant, it would have been in time, although the proof of them was received without objection. Those declarations were not competent evidence of the existence of an agreement made six weeks before the time when they were made, against the defendant, the principal of the agent making them (*Anderson* agt. *Rome, &c., R. R. Co.*, 54 *N. Y.*, 334); and the omission to object to them when they were offered did not deprive the defendant of the right to insist upon their incompetency at the close of the evidence, or any other time during the progess of the trial. This was substantially held in the case of *Hamilton* agt. *N. Y. Central R. R. Co.* (51 *N. Y.*, 100).

But the objection actually taken did not present this point for the decision of the court. It simply presented the objection that the agent was not authorized to waive or extend the time of payment of the premiums. Whether the proof given to show that an agreement had been made for the extension was competent proof for that purpose was not mentioned nor suggested. Neither this motion nor the ground specified in its support, nor any other objection taken during the trial, presented that question. And, as it was not raised at any time during the trial, it was necessarily waived when the case was submitted to the jury. The defendant had the right to have the case tried, if it so elected, on incompetent evidence; and the omission at any time to object, is conclusive evidence of such waiver. By such conduct, even the right to a trial by jury may be waived (*Gleason* agt. *Keteltas*, 17 *N. Y.*, 291; *Penn. Coal Co.* agt. *Del. and Hud. Canal*

*Co.*, 1 *Keyes*, 72; *West Point Iron Co.* agt. *Reymert*, 45 *N. Y.*, 703; *Fisher* agt. *Hepburn*, 48 *N. Y.*, 41; *Delancy* agt. *Brett*, 51 *N. Y.*, 78).

The plaintiff offered in evidence a note made on the 20th day of September, 1868, given by the person whose life was insured by the policies, for the payment of the premiums upon them in sixty days after its date, containing the agreement that the policies should be null and void if the note should not be paid when it was due. This was objected to by the defendant on the ground that it was immaterial. The objection was overruled, and the defendant excepted. In one respect this was material evidence, for the authority of the agent to extend the time for payment of the premiums was controverted by the defendant; and if that had previously been done by him, with the approval of the defendant, it was a fact tending to show the existence of the authority. When the agent himself was examined as a witness, the defendant showed the transaction of 1868 fully by him; and it appeared from his evidence that the papers were sent to the defendant, who made no objection, but approved of the arrangement. This was all competent for the purpose of showing the agent's authority to change or extend the time fixed for the payment of the premiums. The agent, on the defendant's examination of him, showed that a receipt had been given when the note was taken, and there could be no well founded objection against afterward receiving the receipt itself for the purpose of having its precise terms in evidence. It was a material part of the transaction, which the defendant had taken pains to prove, and there could be no impropriety in reading it to show exactly what had been done, so far as that appeared by the receipt.

The declarations proved to have been made in one of the interviews after Mr. Dean's death, and which was objected to as incompetent, by an objection expressly confined to the particular occasion inquired for at that time, did not tend to prove the existence of any valid agreement for the extension

Dean agt. Ætna Life Insurance Company.

of the time fixed by the policies for the payment of the premiums; and for that reason the exception taken to the decision allowing them to be proved can be of no service to the defendant. The admission of the agent, shown under it, tended to prove that the terms proposed had not been complied with by Mr. Dean; and for that reason it was entirely ineffectual as evidence against the defendant. It maintained the position of the defendant and tended to subvert the plaintiff's claim ( *Vandervoort* agt. *Gould*, 36 *N. Y.*, 639, 644).

The conversation which was stated by the witness Keese was of the same general nature. He said that Morton told him substantially what he had said during the trial as a witness; so that it could not possibly have done the defendant any harm. And while it was objected to, it was not because it was incompetent, but simply because it ought to have been called out on the direct examination.

The remark made by the witness concerning this conversation is equally as applicable to the one just before considered; for that was no more than a repetition of what Morton, the agent, swore to himself.

The evidence sufficiently showed the service of the notice and proof of the death of the person whose life was insured, without the declaration of the agent that they had been received by the company. They were tendered to the general agent, and after being refused by him were mailed, under his direction, to the president of the company, at its place of business, in Connecticut; and that, certainly, should be sufficient to prove compliance with the terms of the policy on this subject. Besides that, it appeared that the refusal to pay was placed by the company on the omission to pay the premiums; and that would be sufficient to constitute a waiver of all proof of death (*Post* agt. *Ætna Ins. Co.*, 43 *Barb.*, 353; *Cornwell* agt. *Haight*, 21 *N. Y.*, 462).

An objection was taken to the copy of the notice and proof of death, offered in evidence; but it was not objected to

because it was a copy. The objection was expressly placed on the reasons that it did not appear that the original came to the possession of the company; that the fact of mailing was not such evidence of its receipt as to justify the admission of a copy in evidence. These reasons were not good, because the proof did show a proper service of the original. The tender to the agent, and mailing to the president as he directed, sufficiently showed the service of the notice and proof of death to comply with the terms of the policy. The only authority opposed to the validity of such a service is that of *Hodgkins* agt. *Montgomery Co. Mut. Ins. Co.* (34 *Barb.*, 213), and that was afterward reversed by the court of appeals (41 *N. Y.*, 620).

The agent appears to have been the general agent of the company at the city of New York, and he was authorized, as such, to transact all the company's business at that place, which included all that he did concerning this insurance; and for the reasons already given, as well as those mentioned by Mr. Justice BRADY, the judgment, after being modified as directed by him, should, with the order denying a new trial, be affirmed.

DAVIS, *P. J.*, *dissented*, on the following grounds:

First. Incompetent declarations of the agent were admitted, against defendant's objection. They were not harmless, because they were regarded by the court and jury as material and important, as appears by the charge, and because the ruling upon them established a rule of evidence for the case; and subsequent evidence of such declarations was given, to which, it must be assumed, the defendant omitted to object on that ground, in deference to the ruling that such declarations were competent.

Second. The fact that the policies were canceled in October was competent, as tending to corroborate the testimony of the agent that no extension was made — it was an act in the due course of business.

Dean agt. Ætna Life Insurance Company.

Third. There was no evidence in the case to establish the alleged waiver, except incompetent proof of Morton's declarations. The motion for a nonsuit raised the question of absence of lawful proof of waiver. The overruling of the motion was error.

Fourth. The verdict was against evidence, and a new trial should have been granted on that ground.

The claim is of a most suspicious character, and the evidence to uphold it, I think, was illegal and insufficient. I think a new trial should be granted.

The judgment of the court, in accordance with the opinion of justices BRADY and DANIELS, was as follows: Judgment and order reversed and new trial granted, with costs to abide event, unless plaintiff, within twenty days after entry of the order herein, stipulate to deduct $2,997.60 as of the date of the verdict, in which case judgment and order affirmed, without costs to either party.