Osborn agt. Merwin.

# SUPREME COURT.

## MILO C. OSBORN agt. ASHER MERWIN.

*Motion for a new trial.— when entries in books not evidence.*

There is no rule of evidence which makes an entry in a book, of the charge for a certain service, proof of the performance of such service.

The book could be used to aid and refresh the recollection of the witness. But where it failed so to do, the fact that the witness admitted by the entry the payment of a charge for certain services, such admission of payment could not prove, as against a third person, the actual performance of such services.

To hold that an entry by a printer upon an account book of the payment of a charge for printing, evidences an advertisement of real estate under a mortgage sale for a length of time sufficient to make a valid foreclosure, would be improper and dangerous in the extreme.

There is no rule of law which makes entries of a deceased lawyer in his register evidence of what other persons had done. The register might be evidence to show that the deceased had drawn an advertisement and delivered it to the printer, and of other acts which he performed, but not of the fact that the printer did his duty and advertised for the required time.

*Ulster Special Term.*

MOTION for new trial at special term upon a case.

*J. B. Olney,* for defendant and motion.

*J. J. Werner,* opposed and for plaintiff.

WESTBROOK, *J.* — As the action was substantially upon a bond, executed by the defendant, upon which the plaintiff saw fit to give a credit of the proceeds of the sale of certain mortgaged premises, under an alleged foreclosure thereof, no

Osborn agt. Merwin.

possible harm resulted to the defendant in holding that sale valid. It lessened the amount of the recovery upon the bond to the extent of the price bid for the premises. If the sale had been held to be irregular the necessary effect of such decision would have been to increase the recovery of the plaintiff to the amount due by the terms of the bond. The sale and the purchase of the premises was a concession to the defendant to which he cannot possibly object. I am not aware that any error was committed by holding that sale valid; and if there was, the defendant has no cause of complaint.

Neither do I see that any error was committed in rejecting any evidence offered in regard to the prior foreclosure, or in holding that there was no proof of any such prior foreclosure.

The statute (3 *R. S.* [*5th edition*] *pages* 859, 860) prescribes the several acts to be done to make a valid foreclosure, and these steps had all to be taken to make the alleged foreclosure available to the defendant. The case is barren of proof to show a proper advertisement; and indeed of almost every step required by law to be taken.

There was no error committed in rejecting the evidence of Mr. Henry Baker, at lines 449, 450 of the case. The witness had already shown (lines 437, 438) that he had no recollection of the advertisement of the property, apart from his book; and I know of no rule of evidence which makes the entry of the charge for the service proof of the performance of such service. The book could be used to aid and refresh his recollection, but where it failed so to do, the fact that the witness admitted by the entry the payment of a charge for publication, such admission of payment by him could not and did not prove as against a third person the actual performance of the service, to do or for doing which would receive the money. I doubt if the book was any evidence of the actual reception of the money, especially when the witness is unable, even when aided by the memorandum, to swear to it

as a fact. But to carry the principle still further, and hold that an entry by the printer upon an account book, of the payment of a charge for printing, evidences an advertisement of real estate under a mortgage sale, for a length of time sufficient to make a valid foreclosure, would be improper and dangerous in the extreme. It substitutes for proof of an act an illogical inference which may or may not be true. A conclusion which must be true from certain premises may be drawn upon the establishment of the facts from which it necessarily follows; but it would be a novel application of the rules of law or logic, to hold that because a printer *said* (and that is all his entry is) he had been paid to advertise a mortgage sale for thirteen weeks, therefore, he had in fact advertised it for that period.

So too, the rejection of the register of Mr. D. K. Olney, deceased, was proper. Entries of deceased persons in their books and registers (and of this class are *Leland* agt. *Cameron*, 31 *N. Y.*, 115, and *Gawtry* agt. *Doane*, 51 *N. Y.*, 84) have sometimes been received as evidence of what such persons did; but I know of no rule of law which makes entries of deceased persons, in their books, evidence of what other persons had done. Mr. Olney's book might have been evidence to show that he had drawn an advertisement and delivered it to the printer, and of other acts which he performed, but surely not of the fact that the printer did his duty and advertised for the required time. The book was offered as a *whole*, and as a *whole* it was proper.

The motion for a new trial is denied, with costs.