HERMAN VEEDER *v.* BENJAMIN M. BAKER.

When, during the pendency of an appeal to this court from an order deny-
ing a motion to change the place of trial in the action, the plaintiff moves
the cause for trial and takes judgment in the county wherein the venue
is laid, this court has no jurisdiction to entertain a motion to set aside
the judgment; it has only jurisdiction of so much as is brought up by
appeal from the order.

It *seems* that the motion should be made in the Supreme Court.

(Argued November 30, 1880; decided December 7, 1880.)

Motion to vacate and set aside a judgment in this action. The material facts appear in the opinion.

*J. C. Cochrane* for motion.

*Edward C. James* opposed.

Earl, J.   The defendant made a motion in this action for a change of the place of trial from the county of St. Lawrence to the county of Monroe, on the ground that the action was to recover a penalty incurred by the defendant in Monroe county, and hence that that county was the proper place of trial, under section 983 of the Code.   That motion was denied at the Special Term, and the order of the Special Term, upon appeal by the defendant to the General Term, was affirmed.   Defendant then appealed to this court, giving an undertaking to stay proceedings in the action.   The defendant claims that his undertaking, and an order which he had obtained from a county judge, stayed plaintiff's proceedings in the action.   Soon after the appeal to this court, and while such appeal was pending, the plaintiff, having noticed the cause for trial, moved the same for trial at a court held in St. Lawrence county, in the absence of the defendant and his counsel, and took judgment against him for nearly $40,000.   Defendant now moves in this court to vacate and set aside the judgment.   We have no jurisdiction to entertain the motion.   The cause is pending in the Supreme Court.   We have jurisdiction only of so much as is brought here by the appeal from the order.   The defendant should make his motion in the Supreme Court, and, if he is defeated there, then an appeal to this court may bring before us the question which he now seeks to have us consider.

The motion should be denied, with $10 costs.

All concur except Danforth, J., who took no part; Rapallo, J., absent.

Motion denied.