GEORGIANNA BIGELOW, Appellant, v. WILLIAM H. DAVOL, Respondent, Impleaded with CECILIA Y. ARTHUR et al.

COURT OF APPEALS — REVIEW OF ACTION OF TRIAL JUDGE IN RESETTLING FINDINGS. The Court of Appeals has no power to review, upon an appeal taken from the judgment of the General Term in an action tried by the court, and governed by the Constitution and Code as they existed in 1894, alleged acts of the trial judge in changing and resettling the findings of fact after decision filed and judgment entered, where the record fails to show any motion for a resettlement of the case, or to strike the alleged changes from the record, and no order on the subject was entered or appealed from, and the question was not brought before, or passed upon by, the General Term.

(Argued June 17, 1896; decided October 13, 1896.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made September 14, 1894, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term dismissing the complaint.

This action was brought to foreclose a mortgage for $9,000, dated September 1st, 1887, given by Cecilia Y. Arthur and others to Joseph M. Pray on an undivided interest in certain lands situate in the city of Brooklyn. On the eighth of October, 1887, said mortgage was assigned by the mortgagee to the plaintiff, and the assignment was duly recorded on the 21st of November in the same year. The entire premises were at the time subject to a mortgage for $20,000, given on the first of August, 1884, by Alexander Arthur and another to Henry J. Smith and another, which mortgage was recorded on the day of its date and on March 27th, 1889, was assigned to Henry E. Hutchinson, who commenced an action to foreclose the same in the month of April following. While Mr. Pray was made a party to that action his assignee, the plaintiff in this action, was not, and the second mortgage was, therefore, not cut off by the foreclosure. The premises were sold in July, 1889, by the referee to Mr. Hutchinson for $36,500 This produced a surplus that went to the mortgagors or their

assigns, as the plaintiff in this action did not apply for it, although her assignor, agent and attorney, Mr. Pray, knew all the facts aforesaid. On the 28th of August, 1889, Mr. Hutchinson sold the premises to the defendant, William H. Davol, for $44,000 in cash. In a short time Mr. Davol began to improve the property, and had actually expended for that purpose $50,000, in addition to the purchase price of $44,000, when he learned for the first time, by the service upon him of the summons and complaint in this action, that the plaintiff was the owner of the second mortgage by an assignment, on record, which had been overlooked on the foreclosure of the first mortgage, as well as by himself and his attorneys when he took title to the premises. The fact that there was such an assignment in existence was not noted in the usual way upon the record of the mortgage in the office where it was recorded. All the business of the plaintiff was in the keeping of Mr. Pray, who had in his possession the most of her papers nearly all the time. Although he knew every fact as it transpired, he does not appear to have communicated his knowledge to the plaintiff, who testified that she never heard of the foreclosure of the first mortgage until she was notified by some one, but she could not say by whom, that she had better foreclose her mortgage, as the property had been sold and her mortgage had been overlooked. She at once commenced this action, which has been tried three times, the General Term having reversed the judgment rendered on the first and second trials. (62 Hun, 245; 69 Hun, 74.) Upon the third trial the complaint was dismissed on the ground that the mortgage in question was without consideration either as to Mr. Pray or the plaintiff. From the judgment of affirmance by the General Term this appeal is brought.

*Joseph M. Pray* for appellant. The appellant's bond and mortgage were made upon a good, valuable and sufficient consideration. (*Lent* v. *Howard*, 89 N. Y. 169; *In re Turfler*, 24 N. Y. Supp. 21; 17 Am. & Eng. Ency. of Law, 166, note 2.) The findings of fact are open to review on this

appeal where the findings of fact have been made without sufficient evidence to support such findings, and such findings have been excepted to. (Const. N. Y. art. VI, § 9.) The changes made in the record long after the judgment was entered and appeal perfected were made by a justice at chambers, and not by the court. Such changes were made without authority by said justice, and are to be considered as null and void, so far as this appeal is concerned. (*Heath* v. *N. Y. B. L. B. Co.*, 146 N. Y. 260.)

*E. Ellery Anderson* for respondent. The findings of fact are not open to review on this appeal. (Code Civ. Proc. § 1337.) The notice of appeal from the resettlement of the findings made by the trial court on the 15th of February, 1894, presents no question which this court can review. (*Bohlen* v. *M. E. R. Co.*, 121 N. Y. 546 ; Code Civ. Proc. § 723.) The evidence fully sustains the finding that Cecilia Y. Arthur, the mortgagor, received no consideration for the bond and mortgage. (*Collier* v. *Munn*, 41 N. Y. 143 ; *Morgan* v. *Hannas*, 49 N. Y. 667 ; *Lent* v. *Howard*, 89 N. Y. 169 ; *Vanderheyden* v. *Vanderheyden*, 2 Paige, 287 ; *Clinch* v. *Eckford*, 8 Paige, 412 ; Perry on Trusts, § 913 ; *Bruce* v. *Lorillard*, 62 Hun, 416 ; 136 N. Y. 643 ; *Smith* v. *City of Albany*, 61 N. Y. 444; *D., L. & W. R. R. Co.* v. *Gilbert*, 44 Hun, 201 ; *Nesbit* v. *Lockman*, 34 N. Y. 167 ; *Whitehead* v. *Kennedy*, 69 N. Y. 462.)

VANN, J. The trial court found as one of the findings, upon which judgment was entered, " that the bond and mortgage from Cecilia Arthur to Pray were without consideration," and that neither Mr. Pray nor the plaintiff ever parted with any value of any kind in money or otherwise, on the faith of the bond, mortgage or assignment. These findings, which have sufficient evidence to support them, authorized the conclusion of law, found by the trial court and affirmed by the General Term, that the complaint should be dismissed.

42

While many questions have been argued at great length and with much force by the learned counsel for the appellant, we think it is necessary to discuss but one and that relates to a matter of practice. Many requests to find were presented, according to the practice that lately prevailed, in behalf of the plaintiff to the learned trial judge, who disposed of them in the usual way, by marking them found, or refused, or modified, as the case might be. So far as the record, properly before us, discloses, nothing further was done. The appellant claims, however, that after an appeal had been taken to the General Term, and, as stated in the brief of her counsel, "eighty-three days after entry of said judgment and at request of defendant Davol's attorneys, the justice who tried the cause re-examined said findings and conclusions so made by him * * * and added an additional finding to the eighth finding of fact * * * and made it further read as follows : ' The plaintiff in this action never parted with any money or value of any kind whatever for the bond and mortgage or assignment except as aforesaid ; ' and said justice also at the same time and at the request of the said defendant's attorneys altered the fifteenth finding of fact, which he had before made at the request of plaintiff, by placing a parenthesis on said finding and adding to the word ' found,' as before written by said justice upon the margin of said finding, the words ' except as in parenthesis.' "

Upon examining the decision in the judgment roll, the finding numbered " 8½," appears to be in the language quoted by counsel, but there is nothing to show when that finding was made or to indicate that it was not made when the others were. The same is true of the fifteenth request to find. While it is in the form and is marked, as stated by counsel, there is nothing to show that it was changed as stated by him. There is printed in the appeal book, however, but not as a part of the judgment roll, or of the case as settled, a formal notice, signed by the attorneys for the defendant Davol and addressed to the plaintiff's attorney, that the former would apply to the justice who tried the cause at his chambers on a

day named, " for a reconsideration and resettlement of the findings of fact and conclusions of law made by him upon the latest trial of this cause and filed in the office of the clerk of the county of Kings and shall claim that some of such findings and conclusions are contradictory and shall ask for an amendment of the same and for such other and further relief as may be proper." The notice further stated that such application would be made upon all the pleadings and proceedings in the action. There is nothing to show what was done upon such application, nor whether the attorney for the plaintiff objected or consented thereto, except a letter written to him by the attorneys for Mr. Davol, but not signed by them as such, in the following form : " You are hereby notified that Mr. Justice Cullen, discovering that in your proposed findings in the case of *Bigelow* v. *Davol* he had overlooked a clause in your fifteenth proposed finding of fact, has re-examined the same and, upon such re-examination, has refused to find the words ' and said mortgage was made for a full and valuable consideration.' He has enclosed these words in a parenthesis, and in place of the word ' Found,' which he originally put upon the margin opposite your fifteenth proposed finding of fact, he has now placed upon the margin opposite said finding and said parenthesis the words ' Found except as in parenthesis.' We have altered the alleged copy of your findings served by you upon us in that respect to correspond with the original as so altered by Judge Cullen." The appeal book contains nothing else upon the subject, other than a formal exception filed by the plaintiff " to the re-examination　＊　＊　＊　of the fifteenth finding of fact," to which, however, was appended the following, viz. : " The plaintiff also excepts to such refusal of said justice upon such re-examination to find as requested by the plaintiff in said fifteenth proposed finding of fact the words so marked in parenthesis, as follows, viz., ' and said mortgage was made for a full and valuable consideration.' The plaintiff also excepts to the insertion by said justice upon such re-examination, at the request of the attorneys for said

defendant, in the decision in this action, of the following additional finding of fact marked 8½, as follows, viz., 'the plaintiff in this action never parted with any money or value of any kind whatever for the bond, mortgage or assignment, except as aforesaid.' The plaintiff also excepts to the said eight and one-half (8½) finding of fact."

The notice of appeal to the General Term, which was served before the alleged alteration of the findings, was not amended, but is in the usual form, without any notice of an intention to review the supposed action of the trial judge in changing the findings. The notice of appeal to this court, however, states that the appellant intends to bring up for review "the reconsideration and resettlement by the Hon. Justice CULLEN, after judgment had been entered at Special Term, of the decision filed by him, by inserting the additional finding of fact numbered 8½, and also his changing his findings of fact, which he had, at request of plaintiff, before made."

No motion appears to have been made for a resettlement of the case, or to strike the alleged changes from the record. No order of any kind was entered or appealed from. The only appeal before us is from the judgment of the General Term, affirming the judgment of the Special Term. No attempt was made to bring the question of practice, now under discussion, before the General Term for review. That learned court, so far as appears, never considered it, nor passed upon it, and had no notice of it. We are thus asked to review the alleged action of the trial judge at Chambers, although such action is not embodied in any order or judgment, does not properly form a part of the appeal book and has not been reviewed by the General Term. (Code Civ. Pro. § 1315.) When this appeal was brought in September, 1894, this court, in the language of section 190 of the Code as it then stood, had "exclusive jurisdiction to review, upon appeal, every actual determination made at a General Term by the Supreme Court or by either of the superior city courts" in certain specified cases "and no others." (Code Civ. Pro. [1894] § 190.) It had not

then and it has not now power to review any question unless it was before the court from whose judgment or order the appeal is taken, and in such cases the appeal must be heard upon the same papers that were before that court. (*New York Cable Co.* v. *Mayor*, etc., 104 N. Y. 1; *Veeder* v. *Baker*, 83 N. Y. 163.) A party cannot pass by the General Term or the Appellate Division and ask us to review the action of the Special Term or of a judge at Chambers, in the first instance, when the court directly below has had no opportunity to correct the alleged error. The jurisdiction of the Court of Appeals when this appeal was taken was wholly statutory, and the statute gave us authority to review nothing except the actual determination of the General Term. (Const. 1846, as amended in 1869, art. VI; Code Civ. Pro. [1894] § 190; *People ex rel.* v. *Fowler*, 55 N. Y. 675.) Moreover, no appeal can be taken from any action of a court that is not represented by a judgment or order. All rulings made during the progress of a trial are brought before the court of first review by an appeal from the judgment, which is the decision upon a trial, while an appeal from an order, which is the decision of a motion, brings before the court empowered to review in the first instance the written direction of a court or judge made in an action or special proceeding. The settlement of a case or the resettlement of findings is neither a judgment nor order, and no appeal lies therefrom to any court. If either party feels aggrieved by the action of the trial judge in such matters, he should first move at Special Term to have the alleged error corrected, and if relief is refused, an appeal from the order denying the motion brings the whole matter before the General Term or the Appellate Division, as the case may be. (*Hackett* v. *Belden*, 47 N. Y. 624; *People ex rel.* v. *Goff*, 52 N. Y. 434.) An appeal from the order of the intermediate court, when one is allowed by the Code, brings the subject before this court for review. (*New York Rubber Co.* v. *Rothery*, 112 N. Y. 592.)

In *Bohlen* v. *Metropolitan Elevated R. Co.* (121 N. Y. 546) the appeal was from an order of the General

Term, reversing an order of the Special Term, which granted a motion to amend the findings of fact. In *Heath* v. *New York Building Loan Banking Co.* (146 N. Y. 260) the appeal was from an order of the General Term reversing an order of the Special Term, which resettled the findings of fact and conclusions of law after a trial. These cases are valuable in their bearing upon the power of a trial judge to amend his findings of fact and conclusions of law after decision filed and judgment entered, but we shall not further allude to them, because the question of power to amend or resettle is not before us on this appeal. For the same reason we cannot consider the position of the respondent that the appellant waived her right to now object to the resettlement by failing, so far as appears, to object at the time it was made, as well as by presenting a request to the trial judge to pass upon at that time and afterwards excepting to his refusal to find as requested. None of these questions are before us, because they were not brought before the General Term.

While we are always reluctant to base our decision, even in part, upon the practice pursued, instead of upon the merits, our regret on the present occasion is lessened by the conclusion which we have reached, that that course in this case promotes substantial justice. After examining all the points urged upon our attention by the learned counsel for the appellant, we do not deem it necessary to give further expression to our views upon them, except as we announce our conclusion that the judgment should be affirmed, with costs.

All concur, except BARTLETT, J., not voting.

Judgment affirmed.