Statement.

# Richmond.

## HODGES V. RICHMOND CEDAR WORKS.

### March 15, 1917.

1. DRAINS AND SEWERS—*Constitutional Law.*—The Virginia drainage laws, embodied in sections 2576-2579, Code of 1904, are constitutional.

2. DRAINS AND SEWERS.—The primary question of the public use and necessity of drainage rights in general has been determined by the legislature, and this will be controlling with the courts, in the absence of something to show a palpable want of foundation for the legislative pronouncement.

3. APPEAL AND ERROR—*Drains and Sewers—Proceeding Under the Code.*—In a proceeding under the provisions of section 2576, Code of 1904, to determine the right of drainage through the lands of another, where none of the evidence is certified on writ of error by defendant, it will be presumed that a proper case was made out.

4. DRAINS AND SEWERS—*Appeal and Error.*—The statute evidently contemplates that cases in which the right of drainage may be granted shall depend upon the facts of each case, and the facts not being certified, it is very doubtful whether the constitutional question can be considered at all when raised for the first time on appeal.

5. DRAINS AND SEWERS—*Validity of Proceedings to Establish Drains Over Another's Land.*—In a proceeding under section 2576 of the Code of 1904, to establish a right of drainage over the lands of another, the commissioners reported and the court approved a different location for the drain from that asked for in the original petition of the applicant. There is nothing in the statute to indicate a purpose to confine an applicant to the mode of drainage originally contemplated or proposed by him, if he is willing to accept another which the commissioners and the court deem proper. The new or modified mode then becomes the "mode proposed by the applicant" within the meaning of the law.

Error to an order of the Circuit Court of Norfolk county, in a proceeding to obtain a right of drainage under sections

2576-2580 of the Code. Order for petitioner. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*R. H. Bagby,* for the plaintiff in error.

*R. W. Mallet* and *W. W. Starke,* for the defendant in error.

KELLY, J., delivered the opinon of the court.

The Richmond Cedar Works, a private corporation, desiring to drain certain of its lands through the lands of Hiram Hodges, instituted this proceeding in the Circuit Court of Norfolk county, under the provision of section 2576 of the Code of Virginia. The right of drainage was granted by the court, and thereupon Hiram Hodges obtained this writ of error.

The first contention made by the plaintiff in error, and made in this court for the first time, is that the statute under which the proceeding was conducted is, at least as applied to this case, unconstitutional, as authorizing the taking of private property for private use.

Statutes of the same general character as the Virginia drainage laws, embodied in sections 2576-2579 of the Code, have been in force in many of the States of the Union for a long period of years, and their constitutionality is too well settled to admit of serious doubt. 1 Lewis on Eminent Domain (2nd ed), sec. 185; Cooley's Const. Lim. (7th ed.), p. 767; 15 Cyc., 594.

It is easy to conceive of individual cases of such mere private purpose as not to be within the legitimate scope of

the statute; but the primary question of the public use and necessity of drainage rights in general has been determined by the legislature, and this will be controlling with the courts in the absence of something to show a palpable want of foundation for the legislative pronouncement. 1 Lewis Eminent Domain (2nd ed.), sec. 158, p. 409; 15 Cyc., 581; Cooley's Const. Lim. (7th ed.), p. 774.

In 2 Min. Inst. (4th ed.), 25, 26, the distinguished author says:

"In Virginia, a right to drain one's lands through those of another, or under the beds of mill-canals, may be acquired as an easement, by grant, reservation or prescription (*Sanderlin* v. *Baxter,* 76 Va. 299, 44 Am. Rep. 165), or by an order of the county court, the damages to be paid to the land owner being ascertained by means of a writ of *ad quod damnum,* by five commissioners, freeholders (any three of whom may act.) V. C. 1873, Ch. 120, secs. 13 to 17; V. C. 1887, Ch. 114, secs. 2576 to 2579.

"A question has been raised as to the constitutional power of the legislature to authorize the taking of one man's lands, although for just compensation, for the private benefit of another.

"It seems to be generally admitted that it is not competent to a constitutional government to do it. But where, although a private person is the immediate beneficiary, an advantage results to the public, the appropriation is thereby legitimated. In the case under consideration, the public is or may be benefited in point of health, and of the increased production of the lands, so that there would seem to be no room to impeach the provision in question on the ground suggested. See Cooley's Const. Lim. 532 and *seq.,* 538 and note 2.

"The public necessity which may exist for thus exercising the State's right of eminent domain is to be determined exclusively and finally (like all other political questions)

by the legislature, or as the legislature shall direct. And the courts can interpose, if at all, only where there is no foundation for a pretence that the public is to be benefited thereby, if such a case can occur. Cool. Const. Lim., 538; *People* v. *Smith,* 21 N. Y. 597; *Varick* v. *Smith,* 5 Paige (N. Y.), 159, 28 Am. Dec. 417; *Beekman* v. *S. S. R. R. Co.,* 3 Paige, 45, 22 Am. Dec. 684; *Id.,* 686 and *seq.,* elaborate and lucid notes of the editor."

It is to be observed that the Virginia statute does not undertake to designate the particular circumstances under which the right of drainage shall be granted, but leaves it for the court to determine in each case whether it is proper to grant the right. In the instant case, none of the evidence is certified and we must presume that a proper case was made out. See *Anderson* v. *Kerns Draining Co.,* 14 Ind. 199, 77 Am. Dec. 63.

Furthermore, the statute evidently contemplates that cases in which the right of drainage may be granted shall depend upon the facts of each case, and the facts here not being certified, it is very doubtful whether the constitutional question can be considered at all when raised for the first time on appeal.

In *Purdy* v. *Erie R. Co.,* 162 N. Y. 42, 56 N. E. 508, 48 L. R. A. 669, 672, the court said: "The objection that the statute was an invasion of the defendant's property rights, and contravened, for that reason, either the Constitution of the United States or the Constitution of this State, does not anywhere appear in the record; and the rule seems settled that such an objection, to be available here, must have been raised in the courts below. *Vose* v. *Crockfort,* 44 N. Y. 415; *Delaney* v. *Brett,* 51 N. Y. 78." This rule seems to apply, as we think it ought to apply, with especial force to cases where, as here, the constitutionality of the statute depends upon questions of fact as well as of law. 2 Cyc. 664, and cases cited in notes 44 and 45.

The only other question raised by the plaintiff in error is that the statute was not complied with because the commissioners reported and the court approved a different location for the drain from that asked for in the original petition of the applicant. The essential facts in this respect are that the commissioners were directed by the court to report upon the propriety of granting the application, and also, in the very terms of the statute, to "inquire and report whether the mode of draining his land proposed by the applicant be proper," and to "describe the same specifically." The location proposed by the applicant was specified in its petition. A majority of the commissioners, after a view of the premises and a full hearing of all the evidence submitted, reported that, in their opinion, it was proper to grant the application, and that the mode of draining proposed by the applicant was proper, subject to a change or modification which they recommended. The court, not regarding the report sufficiently specific to fully define the right to be granted, recommitted the same to the commissioners for an amendment, which was accordingly made. Their report, as amended, was confirmed, and the right of drainage granted did not in all respects conform to the specifications in the petition. In this we think there was no error.

The terms of the statute are very general, and no special forms of procedure are prescribed. There was no requirement that the applicant should proceed by petition or should specify in his application the mode of drainage proposed by him. It was sufficient that this mode be made to appear in some satisfactory way to the defendant land owner and to the commissioners, so that the latter might hear both parties, obtain full information, and report intelligently to the court with regard to the matter. There is nothing in the statute to indicate a purpose to confine an applicant to the mode of drainage originally contemplated or proposed

by him, if he is willing to accept another which the commissioners and the court deem proper. The new or modified mode then becomes the "mode proposed by the applicant" within the meaning of the law.

Having due regard to the rule that such enactments must be strictly followed, we are of opinion that the proceedings in this case have fully and fairly complied with the Virginia drainage statute, and that the judgment must be affirmed.

*Affirmed.*