*Rachel Malin* v. *Ephraim Kinney.*

*The same* v. *Nathan Lane.*

THESE causes were noticed for trial at the cir-
cuit held for *Ontario*, in *June*, 1802. The defendants
attended with their witnesses, but the plaintiff not
bringing on the causes, the defendants agreed to
waive taking advantage of it, provided the plaintiff
would consent that the two above suits should abide
the decision of a case made in one by the same plain-
tiff against *George Brown*, which turned on the same
point, and had, together with another of the same
sort, been tried. The plaintiff acceded to the pro-
position, but at the last term applied to the court to
be released from her engagement. This the court
was pleased to order.

*Emott* now moved for judgment of nonsuit, and
that the plaintiff pay the costs not only of not proceed-
ing to trial in 1802, but those also for not trying at the
last circuit. He contended that as the agreement was
done away on the application of the plaintiff, the de-
fendant had a right to those costs which he waived
only in consequence of that agreement: The agree-
ment was the consideration of the waiver, and the
consideration being taken away, he had a right to insist
on not waiving. Then as to the costs of the last circuit,
it was clear he was entitled; because, as the plaintiff
had been released and had not tried, it was manifest
she was in default and costs due.

*Stuart*, contra, showed, on affidavit, that the rule to discharge the agreement was made at the latter part of the last term, and that from the late information he received of it, he could not avail himself, at the last circuit, of the advantage it afforded.

*Per Curiam.* The application is for judgment as in case of nonsuit, and to pay two sets of costs; those of *June*, 1802, and those of the last circuit. Four causes were depending : Two were tried, and, after the court rose, there was a stipulation that the two causes not tried, should abide the same event as those which had been tried. An application was made in *May* last to be relieved; that the two causes not tried might be restored, and the plaintiff not bound by his stipulation : This was ordered, and the causes restored as in *June*, 1802. If the plaintiff was relieved, the defendant was also; and then the stipulation being vacated, the causes must stand in the same situation as in *June*, 1802. If the defendant had then applied, nothing appears why the rule should not then have been granted, at least a rule to stipulate and pay costs. The only reason to excuse now offered is, that the plaintiff did not receive notice of his own rule. Both circuits mentioned have passed without trial; therefore the defendant must have the effect of his motion, unless the plaintiff stipulate to try the cause at the next circuit, and pay the costs of that in *June* last.

C C

HARVARD SCHOOL LIBRARY