The Chief Justice delivered the opinion of the court.
There is nothing in the act incorporating the Trenton and New Brunswick Turnpike Company, which prescribes where'or in what manner toll-gates shall be erected. No *46 regulation, on this head, is found in it, except a prohibition to erect a gate on such part of the road as. was then a public highway. In many, perhaps most of the turnpike acts, the companies are authorized to erect gates across the road. How far, under those acts, another position might be taken, it is unnecessary to enquire. In the act in question, in the present case, there is no restriction, and a lateral gate is therefore as lawful as a transverse one.
It was contended, on the argument at the bar, that the company have no right to erect a gate at the mouth of a public road. Without adverting to the act, which in its phraseology seems to limit the erecting of obstructions to then existing, public highways, (and the road, near the end of which the gate in question was erected, has been laid out long since the turnpike,) it may suffice to answer, that if the gate is placed -within the bounds of the turnpike road, it does not obstruct the highway, for the free and uninterrupted use of it in its whole extent remains to the public. In the case of The People v. Denslow, 1 Caines 117, the. Supreme Court of the state of Hew York held that a turnpike gate might be placed so as to intercept an old highway, provided it was placed within the limits authorized by the act of incorporation.'
It was further said that a traveller must use the road *36] before he *can be charged for the accommodation, and that the toll cannot be demanded in advance. If this position be .true, on which we express no opinion, as the case does not require it, it does not prove the location of the gate to be illegal; but that toll cannot be lawfully exacted at such gate, from persons who there pass from the highway to the use of the turnpike road. The question cannot be fairly raised in this case, as it might ■ be if the defendant had brought suit to recover back toll illegally exacted. The defendant here is sued for the actual use of the road. And even at the obnoxious gate, the keeper, as it appears by the state of the case, was only to receive tolls *47 from those who chose to pay, and neither to stop nor delay a traveller who resolved to have the worth of his money before he parted with it. The erection of such a gate can be no ground to bar a recovery for the actual use of the road, when no exaction is made from the traveller at such gate, and when he finds a person there who neither stops nor delays him, but merely receives the compensation for so much of the road as he proposes to travel, if it suits his pleasure or convenience at that station to pay it. Moreover, the picture should bo reversed. The traveller may have used the road for miles, and his destination may require, him to leave the turnpike by the public road in question. As to him, the gate cannot be unlawful, nor the exaction of toll. A gate which is thus far, and towards such person, rightfully placed, cannot be wrong as to any persons unless wrongfully used. It may become so only by its abuse. If employed illegally to exact toll, or to obstruct or delay the traveler, its abuse would be liable to correction. A man who had travelled ten miles on the road, could not consistently with either law or justice, refuse to pay his ten miles tolls, because, at the commencement of his journey, he had passed through a gate where the keeper was willing to receive his toll, but neither required it nor impeded him.
The fact stated in the case and urged at the bar, that about six inches of a post which is at the end of a fence, extending from the gate so as to prevent carriages passing from the highway to the turnpike road, stands on the highway, can furnish no defence in this action to the defendant below. It may be liable to be abated as a nuisance, and may call for the interposition of the overseers to restrain encroachment, but can give no ground, to a person who has used the road, for refusal to make payment of toll.
*The single question then remains whether the [*37 company may maintain an action for tolls. On this point we cannot entertain a doubt. The act. authorizes them to *48 demand toll for the use of the road, and prescribes no specific form in which this demand may be enforced. The principles of the common law will give them a remedy to recover the compensation fixed by the statute, for the use of their property. In Seward v. Baker, 1 D. & E. P. 616, it was held that an action of general indebitatus assumpsit will lie for tolls, and Justice Buller says an implied promise will maintain the action. In 2 Ckitty’s Pleadings 13, 15, et seq., will be found precedents of declarations on indebitatus assumpsit for tolls at bridges and turnpikes. In the case of Cherley v. Smith, Adams Rep. 20, the Supreme Court of Hew Hampshire decided that the authority given to turnpike companies to detain travellers until the tolls are paid, is a cumulative remedy, and assumpsit may be maintained for tolls against one who has by mistake been permitted to pass as a person exempted from toll. The case of The Mayor, &c., of Carlisle v. Wilson, 5 East 3, was .an action of indebitatus assumpsit, for tolls and. duties payable for the passage of coaches and carriages loaded with goods, in and through the city of Carlisle. In the case of Peacock v. Harris, 10 East 104, a recovery was had in an action of assumpsit for tolls payable at a turnpike gate, for cattle and carriages of the defendant, which had travelled upon the turnpike road and through the gate. Justice Le Blanc in delivering his opinion said, “ It has also been objected that the tolls are not the subject of an action, but if refused could only be levied by distress upon the carriages, &c., when passing. The act, however, only says that they shall not be compounded for, it does not say that credit shall not be given for them when there is no collusion.” The case of Medford turnpike corporation against Torrey, 2 Pickering's Mass. Rep. was an action of assumpsit for the recovery of tolls for travelling on a turnpike road.
Let the judgment be affirmed.