WILKINS, Respondent, *v.* EARLE et al., Appellants.

Appeals to this court under section eleven of the Code, are confined to actual determinations of the various courts named, made at General Term. A judgment entered upon, and in conformity with a remittitur from this court, is not an actual determination of the court below. Its duty and power simply was to enforce the judgment of this court as prescribed in section twelve. The remittitur was equally controlling upon the General Term, and left nothing to be determined by it.

(Argued June 12th, 1871; decided November 10th, 1871.)

MOTION to dismiss appeal, upon the ground that the judgment appealed from was not an actual determination of a General Term.

(Papers and points not furnished reporter.)

RAPALLO, J. By section eleven of the Code, which defines the cases in which appeals will lie to this court, they are confined to *actual determinations* of the various courts named, made at General Terms thereof. (See also § 333, *Lake* v. *Gibson*, 2 Com., 188.)

The judgment appealed from in this case, was entered upon a remittitur from this court. No question is made, but that the judgment conforms to the remittitur. That remittitur controlled the court below, and a judgment in pursuance of it cannot be said to be an actual determination. The court below could not direct any different judgment. Its duty and power were simply to enforce the judgment of this court as prescribed in section twelve.

It can make no difference that the judgment on the remittitur was first entered at Special Term, and that judgment affirmed at General Term. The remittitur was equally controlling upon both branches of the court, and left nothing to be determined by either.

Did the right of appeal apply to every judgment of whatever character, as claimed, it is evident that a litigation could never be brought to an end.

In this case, two questions were litigated in the court below.  First, the defendants' liability, and secondly, the rule of damages.

Numerous exceptions were taken at the trial.  A general verdict was rendered for the larger amount of damages, and the smaller amount, contended for by defendants, was liquidated by a special finding.  The exceptions were heard in the first instance at General Term.  A final judgment was there rendered in December, 1865, overruling the defendants' exceptions and refusing a new trial, but ordering judgment on the verdict for the smaller amount of damages in conformity with the special finding.  From this judgment the defendants took no appeal.

If they desired to be in a condition, further to litigate the question of their liability or the correctness of the rulings at the trial, with a view to a new trial, it would seem that they should have appealed, lest they might be deemed concluded on those points, and confined to the single questions of the amount of damages, and thus be subjected to the damages first assessed by the jury, if, on the plaintiff's appeal, such damages should be adjudged to be recoverable as a legal consequence of the liability established against the defendants.

The plaintiff appealed from the judgment so far as related to the damages, but no appeal was taken by either party from that part of the order which refused a new trial.

On that appeal this court did not order a new trial, but reversed the judgment of the General Term and ordered judgment on the verdict for the larger amount.

On the argument of the plaintiff's appeal before the Commission of Appeals, the question arose whether the defendants could be heard, on the points relating to their liability and their exceptions taken at the trial.  Some of the members of the court were of opinion that they could, and it does not appear unreasonable, that they should have been allowed to show, in answer to the plaintiff's claim to a more liberal rule of damages, that he had established no right of action, and therefore was not entitled to any damages, or that evidence

as to the damages claimed was improperly received or excluded.

But it is more questionable whether on the plaintiff's appeal, the defendants could have availed themselves of exceptions to other incidental rulings upon questions of evidence, or claimed a new trial by reason of such exceptions.

It is stated in the opposing affidavits, that the defendants were in fact heard upon all the points taken by them, but the decision of this motion cannot depend upon that fact. The question here is, whether the present appeal brings up for review any actual determination of the court below. If the defendants had a right to be heard upon all their points on the plaintiff's appeal to this court, and were here refused that right in whole or in part, the General Term could not correct that error, or for that reason refuse to obey the mandate of the appellate court. If they had no right so to be heard here, it was because they could only raise those points here by an appeal from the judgment of December, 1865. If they were in fact heard, as alleged, upon all their points and they were determined against them by the appellate court, they cannot, by the course now adopted, obtain a rehearing in this court. In neither case was any point presented for adjudication by the court below, on entering judgment on the remittitur. That judgment was in substance the judgment of this court, and I can find no ground on which an appeal from it can be entertained. The motion should be granted with costs.

All concur.

Appeal dismissed.