Grover, J.
 

 The order in question is not appealable to this court. The appellant had not an absolute legal right to set aside or vacate the judgment upon motion, if the ground upon which he based it was sound. That ground was that the year having expired and the lien not having been continued had terminated before the making of the report by the referee, and that no proceeding could be had upon the reference or judgment rendered, after such termination of the lien. This, if true, would show that the judgment was erroneous, having been rendered illegally, but would not show it to be void. The court had acquired j urisdiction of the case, and had properly referred it for hearing and determination, and the referee had power to determine all questions litigated before him, and if in such determination any error was committed, the judgment entered upon the report would not be valid, but could be reversed upon appeal. The court having jurisdiction of the subject-matter had jurisdiction to render judgment, and if in this any error was committed, the judgment was only voidable, not void. This applies as well to the determination of the question whether proceedings could be had and a personal
 
 *407
 
 judgment rendered after the expiration of a year after the lien had attached, as to that of any other question involved in the litigation. It follows that the judgment is not void, even if the counsel for the appellant is right that the statute only authorized proceedings for a personal judgment within the year. The court had power to decide this question, and if error was committed in the decision, it should be corrected upon appeal from the judgment to the General Term, which appeal is provided for by the act, and not by motion to set aside the judgment. Whether by the true construction of the act a personal judgment may not be rendered after the expiration of the year, where, as in the present case, the cause was partly tried within the year, is a question not now properly before the court and therefore not passed upon; hut it may be remarked that the act is singularly defective unless it can be so rendered. But even if the counsel is right that such a judgment is void, an order denying a motion to vacate it is not appealable to this court.
 
 (Foote
 
 v. Lathrop, 41 New York, 358.) The appeal must be dismissed with costs.
 

 All concur.
 

 Appeal dismissed.