ROSALIE C. BARRY, Appellant, *v.* THE MUTUAL LIFE INSU-RANCE COMPANY OF NEW YORK, Appellant, and WILLIAM H. BRUNE et al., Respondents.

All stipulations and agreements made between parties in the progress of an action in the Supreme Court, and affecting proceedings in it, and all orders entered thereon, are within the control of the court, and may be set aside in the discretion of the court whenever the parties can be restored to the same condition in which they would have been if no agreement had been made. An order, therefore, granting such relief is not reviewable in this court.

The only remedy strictly of right to a party sued by one of several claimants of the same debt or duty, which debt or duty he acknowledges and is ready to render, but knows not to which of the claimants he ought of right to render it, is by action in the nature of a bill of interpleader. It is within the discretion of the court to refuse this relief upon summary application in an action against such party; and when granted it is equally within the discretion of the court, upon application and cause shown, to vacate it.

(Argued October 7, 1873; decided October 10, 1873.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, affirming an order of Special Term vacating and setting aside an order entered upon stipulation of the attorneys for the respective parties, and also setting aside the stipulation.

This action was brought to recover from defendant (the Mutual Life Insurance Company) the amount of two policies of insurance issued upon the life of plaintiff's husband, John S. Barry, made payable to her, in the sum of $25,000.

In July, 1871, the said Barry became embarrassed and prevailed upon plaintiff to assign to defendant Brune the policies, and under such assignment the same are now claimed by defendant Whitridge as assignee of Brune. In December, 1871, and January, 1872, an arrangement was made by the company and Brune whereby the company agreed that if the policies lapsed by reason of the non-payment of the annual premiums then due, the company would reissue the same policies to defendant Brune upon his paying said pre-

miums. On or about January 18, 1872, Brune surrendered to the company the original policies and took other policies in his own name, and paid the premiums due thereon, in part by applying the dividends accrued on said policies, and by the payment of $412.72 paid to Brune by Barry on account of the plaintiff. Said John S. Barry died March 9, 1872. The insurance company admits its liability to pay the amount of such insurance to plaintiff to whomsoever is entitled thereto. On June 19, 1872, upon a stipulation signed by the attorneys for all the parties to this action, an order was made therein that the defendant, the insurance company, deposit in the United States Trust Company, to the credit of this cause, the money due and payable from it upon the policies in suit, and that, such deposit being made, the said defendant be discharged from all liability to either or any of the parties to the action, and that it be discontinued against said insurance company. The money was duly deposited in accordance with said order. After the entry of this order defendant Whitridge commenced an action upon the policies so issued to Brune against the insurance company in the Circuit Court of the United States for the district of Maryland.

On November 30, 1872, the order in question was made at Special Term, vacating and setting aside the order discontinuing the action against the insurance company and the stipulation on which the same was founded, and directing that the moneys so deposited be returned.

The appeal therefrom was first heard in the first department, but the justices differing in opinion, it was transferred to the second department.

*Henry E. Davies* for the appellant. The suit, so far as the insurance company is concerned, is an interpleader suit, and the stipulation placed it in the same position the court would have placed it if it had commenced such a suit. (Story's Eq. Jur., § 806; *Richards* v. *Salter*, 6 J. Ch., 444; *Yates* v. *Tisdale*, 3 Ed. Ch., 71; *Schuyler* v. *Pelissier*, id., 191; *Stevenson* v. *Anderson*, 2 Ves. & Beam., 412; *Morgan* v. *Mon-*

*sack*, 2 Mer., 107.) An injunction would have been granted in such a suit brought by defendant. (*Mead* v. *Merritt*, 2 Paige, 402; *Smith* v. *McIver*, 9 Wheat., 532; *Shelby* v. *Bacon*, 10 How., 56; *Field* v. *Holbrook*, 3 Abb. Pr., 377.) The parties to the suit are bound by the action of their attorneys, and if dissatisfied must resort to them. (*Denton* v. *Noyes*, 6 J. R., 296; *Hamilton* v. *Wright*, 37 N. Y., 502.) The stipulation and order entered thereon cannot now be abrogated without the consent of the contracting parties. (*Wash. Ins. Co.* v. *Slee*, 1 Hoff. Ch. Pr., 28; Voorhies' Code, 1870, 399, Rule 13, note; *Staple* v. *Parker*, 41 Barb., 648; *Banks* v. *Am. Tract Soc.*, 4 Sandf. Ch., 438; *Townsend* v. *Masterson S. D. Co.*, 15 N. Y., 587; *People* v. *Mayor*, 11 Abb. Pr. R., 71.)

*S. P. Nash* for the respondents. The order appealed from was purely discretionary, and is not appealable. (*Schaetler* v. *Gardner*, 47 N. Y., 404; *Paul* v. *Munger*, id., 469; *Coit* v. *Stewart*, 50 id., 17; *Colman* v. *Dixon*, id., 572.)

Allen, J. Section eleven of the Code, subdivision four, gives an appeal to this court in an order affecting a substantial right not involving any question of discretion arising upon any interlocutory proceeding, or upon any question of practice, in the action. Section 122 provides to some extent a substitute for the former bill of interpleader in equity in certain cases. It authorizes the court in its discretion, upon the application of a defendant sued upon contract, or for specific real or personal property, and upon his depositing in court the amount of the debt, or delivering the property or its value to such person as the court may direct, to substitute as defendant any person, not a party to the action, who claims the same debt or property, and to discharge the defendant making the application from liability to either party. But the granting or refusing the application is, by the terms of the section, in the discretion of the court, and is therefore excluded from the class of orders which are appealable to this

court by subdivision four of section eleven. The only remedy strictly of right to a party sued by one of several claimants of the same debt or duty, and who, claiming no title or interest therein himself, knows not to which of the claimants he ought of right to render the debt or duty, but is ready to render it to the rightful party, is by action, in the nature of a bill of interpleader, and in such action a judgment of interpleader will be given upon proper terms at the final hearing, and such judgment terminates the action. (*Atkins* v. *Manks*, 1 Cow., 691; *Bedell* v. *Hoffman*, 2 Paige, 200.)

If this case was strictly within section 122 (*supra*), and an application of the insurance company to be discharged as defendant, and from liability on the payment of the money demanded into court, and the substitution of the adverse claimants as defendants had been denied, the exercise of the discretion by the court below would not have been reviewable here. (*Schaettler* v. *Gardiner*, 47 N. Y., 404; *Paul* v. *Munger*, id., 469; *Colman* v. *Dixon*, 50 id., 572; *Taunton* v. *Groh*, 8 Abb. [N. S.], 385.) If it be conceded that the case is a proper one for interpleader, and that, in an action for that purpose judgment to that effect must necessarily be given, it would be in the discretion of the court to put the party to his action, and refuse the relief upon a summary application. It being within the discretion of the court to grant or refuse an original application for the order authorized as a substitute for the judgment of interpleader in a formal action, the vacating of such order when granted would be equally within the discretion of the court upon application and cause shown; and whether vacated for irregularity, or because improvidently granted, or upon new facts and circumstances being shown, would not be material.

All the proceedings in an action are under the control and subject to the direction of the court, so long as the action is pending. (3 P. Wms., 242.) No fixed legal right exists to retain an order, or even a judgment in an action, and either may be vacated and set aside in the exercise of that discretion which exists in all courts of record. (*Foote* v. *Lathrop*, 41

N. Y., 358; *McReynolds* v. *Munns*, 2 Keyes, 214; *Dorris* v. *Congdon*, 28 N. Y., 122.)

The only question that remains is, whether the court had power to relieve the parties from the stipulation and consent that the order be entered; for if the power existed, it was discretionary in the court to grant the relief asked; and the order granted in the exercise of such discretion is not appealable to this court. It is not an unusual thing to relieve parties from stipulations made in the progress of the action; and courts have always regarded this as within their power, and the exercise of it is frequently necessary to promote justice and prevent wrong.

In *Malin* v. *Kinney* (1 Caines, 117), a party was relieved from a stipulation that two causes should abide the event of two others, after the latter had been tried. A like agreement made in open court was set aside and vacated, in *The Hiram* (1 Wheat., 440). Ch. J. MARSHALL says : " If a judgment be confessed under a clear mistake, a court of law will set that judgment aside, if application be made while the judgment is in its power." See also *Buck* v. *Farralt* (3 P. Wms., 242). Even a release may be set aside on motion for fraud. (*Ferris* v. *Crawford*, 2 Denio, 595, per BURROW, Ch. J., p. 604.) Other cases might be referred to, but these suffice to show, upon authority, that the court below had control of the order entered by consent, and power to relieve the parties from their stipulation.

Whether the causes assigned were sufficient to justify the court in the exercise of the power was exclusively for that court to determine; .there certainly was not an entire absence of a foundation for the application. It is true, as urged by the appellants, that the stipulation was in the nature of a compact or agreement of the parties, and valid *per se;* but, like other compacts and agreements made in the progress of an action and affecting proceedings in it, it was liable to be dealt with summarily by the court, so long as the parties could be restored to the same condition in which they would have been if no agreement had been made. The Baltimore suit

was not the result of the stipulation; and unless barred by the order which was vacated is not necessarily affected by it, certainly not upon the theory of the plaintiffs in that action. They contend that the action of the present plaintiff is upon one set of policies, and their action in Baltimore upon another; that the causes of action are distinct, and the actions are not for the same debt, and that, therefore, there is no case for an interpleader. Whether this be so will be for the courts to determine when the question is presented for decision. It is not before us. The insurance company have lost nothing, and no rights have been imperiled by the entry of the order and its subsequent vacation. The remedy by a suit of interpleader is still open to it, and it can lose nothing; for if it is compelled to resort to an action and has judgment of interpleader, it will have its costs from the fund. There is a question whether the order was fully warranted by the stipulation, but that will not be considered; and as we are satisfied that the appeal must be dismissed, the questions upon the merits will not be examined.

The appeal must be dismissed.

All concur.

Appeal dismissed.