Upon motion subsequently made for reargument, the following opinion was delivered:
Were it the duty of the court to satisfy counsel in every case that the proper judgment had been given, and for the right reason, and to answer in writing every suggestion of, and review every case cited by disappointed counsel, it would be impossible to dispose of *Page 222 
the mass of business which impatient suitors are pressing upon its attention. Counsel must assume that the court is familiar with and not inattentive to its own decisions, and have with reasonable intelligence and industry considered their arguments, oral and printed, that are presented for its consideration. This case by reason of its peculiarity, and the novel course of procedure adopted, and the results which would be likely to follow from establishing it as a precedent, and the great changes which would follow in the practice of the courts, commanded and received a more than usual attention and examination from each member of the court. The fact that two of the judges dissented from the result, should evidence to all that the judgment did not pass sub silentio, or without serious criticism by the judges participating in it.
The majority of the court were of the opinion that the proceedings subsequent to the original decree, for the obtaining of alimony, were absolutely void, the court not having jurisdiction of the parties, if it could be said to have jurisdiction of the subject-matter of the proceeding, twenty years after a final decree and judgment divorcing the parties, without the allowance of alimony, or the reservation of the question as to alimony for future consideration, or reserving leave to the plaintiff to apply for alimony on the foot of the judgment.
The judgment of the court was that the former action, finally terminated by judgment nearly a quarter of a century before, could not be galvanized into life so as to enable the court to resume jurisdiction of the cause, and of the parties, and give a new or additional judgment therein or entitle the plaintiff to demand alimony based upon the greatly changed condition and circumstances of the parties, from the time when they were divorced. This conclusion was arrived at for the reasons assigned as well by Judge GROVER, as Judge ALLEN, and no reason is apparent for a change of opinion. Conceding that it may rest in the discretion of the court whether a void or voidable judgment, upon which no action is taken or proposed to be taken, and which is not being enforced or used agressively, shall be set aside and vacated on motion, or by some *Page 223 
other process known to the law, the court has no discretion in the matter of enforcing a judgment, void for want of jurisdiction. It is the absolute right of the party to arrest and stay proceedings upon, and vacate a void judgment, upon which active proceedings are in progress to deprive him of his property, and compel obedience to its mandates. The process against the defendant have been quite summary, and it would be strange if the court might in its discretion deny him summary relief. In Foote v. Lathrop (46 N.Y., 358), a judgment had been regularly entered upon an appearance by an attorney, and it was in that case Judge GROVER says that "when a judgment has been once regularly entered, no party has a legal right to demand on motion to the court that it be set aside." It was when the defendant had voluntarily appeared and answered the complaint in an action for a divorce, and suffered judgment, that Chief Judge CHURCH, said that the court had jurisdiction, and the judgment could not be resisted collaterally. (Kinnier v. Kinnier,45 N Y, 535.) The decision in Schaettler v. Gardner
(47 N.Y., 404), proceeded on the ground that the judgment sought to be set aside was voidable, and not void. What the decision would have been if the party had been taking active means to enforce the judgment, we do not say. It would be hard doctrine to hold that one who might not have appealed from a void judgment, or who did not choose to appeal, or was not able to do so, should be denied relief in any form against summary measures to enforce a void or voidable judgment against him and his property.
We think the case was properly disposed of, and the motion should be denied with costs.
All concur.
Motion denied. *Page 224