Grover, J.
(dissenting). Section 45 (2 Stat. at Large, 151), *219 provides that, if a wife be complainant, and a decree dissolving the marriage be pronounced, the court may make a further decree or order against the defendant, compelling him to provide for the maintenance of the children of the marriage, and to provide such suitable allowance to the complainant for her support as the court shall deem just, having regard to the circumstances of the parties, respectively. Section 59 provides, that, in any suit brought by a married woman for a divorce, or for a separation, the court in which the same shall be pending may, during the pendency of the cause, or at its final hearing, or afterward, as occasion may require, make such order, as between the parties, for the custody, care and education of the children of the marriage, as may seem necessary and proper, and may, at any time thereafter, annul, vary or modify such order. It will be seen that section 45 confers power upon the court to make proper provision, in the decree dissolving the marriage, for the maintenance of the children thereof, and, also, a suitable allowance to the wife, having regard to the circumstances of the parties. This provision is to be made by, and constituted a part of, the decree, and be based upon the then circumstances of the parties. The decree, in this respect, is not to be modified by subsequent changes in such circumstances. By the dissolution of the marriage, the relation of husband and wife between the parties ceases to exist, and the subsequent relations of the parties are the same as though no marriage had ever been had. The claim of the wife for support is to be determined by her situation and probable wants, and the ability of the husband to provide therefor at the time of making the decree. If, at this time, such facts do not require the court to make such a provision, and it is not made by the decree, it is equally final in respect thereto as though such provision was made. The wife has no right, afterward, to come in and show that, although from her situation, or the circumstances of the husband at the time of rendering the decree, a provision for her support would not have been proper, yet subsequent changes require it to be made. This would *220 entirely set aside that provision of section 45, requiring that, in making such provision, regard must be had to the circumstances of the parties at that time. If the husband, after the dissolution of the marriage, acquires property, the former wife is not entitled to any increase in her allowance on account of the property so acquired, nor can the husband claim exemption from payment of what is required by the decree, on account of subsequent losses sustained, of property which he then had, any more than exemption from the payment of any other judgment which may have been rendered against him. All this appears from section 45 of the statute. But if any possible doubt as to this remained, it would be removed by section 59, which carefully confers the power of subsequently modifying the decree in respect to the custody, care and education of the children of the marriage, while conferring no such power to modify the decree in respect to the support of the wife.
It is not intended to deny the power of the court to open a decree or judgment for the purpose of correcting a mistake made in rendering it, but this is entirely different from the power assumed in the present, of modifying the decree in consequence of facts thereafter occurring. In this case, eighteen years after the decree dissolving the marriage, upon an affidavit of the plaintiff, duly served, with notice of motion, upon the defendant, showing a then necessity of the plaintiff for an allowance for support, and of the then pecuniary means of the defendant, a motion was made for an allowance to the plaintiff for her'support. The defendant appeared and opposed the motion. An order was made appointing a referee to take proof of the facts, etc., and report to the court. The subsequent orders, resulting in an allowance of $1,000. a year, were based upon this, and the report of a second referee appointed, and show that the conclusion was arrived at by a consideration not of the circumstances of the parties at the time the decree for dissolution of the marriage was pronounced, but those of eighteen years thereafter. This was error.
*221 Cases in which a separation, in other words, of divorce from bed and board, have been decreed, are not analogous. In the latter, the relation of husband and wife still exists between the parties, the rights and duties resulting therefrom being merely suspended by the judgment. In the former, as we have seen, that relation is terminated by the decree, and the subsequent relation of the parties the same as though no marriage between them had ever occurred.
Had the defendant duly appealed from the first order appointing a referee, and the subsequent orders, they should have been reversed. But he did not do this. He appeared and opposed the motion, and, after months’ delay, made a motion, at Special Term, to set the orders aside, on the ground that the court had no power to make them. This was appealing from one Special Term to another. The practice does not authorize this. Had the orders been made ex parte, so that the defendant had had no chance of being heard upon the original motions, the case would have been different; but he not only had the opportunity, but, in fact, was heard. Under such a state of facts the Special Term was right in holding that he could not move to set aside the order, but must have its validity determined upon appeal to the General Term therefrom.
For this reason, I have reluctantly come to the conclusion that the order appealed from must be affirmed.
Church, Cli. J., Hapallo, Andrews and Johnson, JJ., concur with Allen, J., for reversal.
Grover and Folger, JJ., dissent.
Ordered in accordance with opinion of Allen, J.
Upon motion subsequently made for reargument, the following opinion was delivered:

Per Curiam.

Were it the duty of the court to satisfy counsel in every case that the proper judgment had been given, and for the right reason, and to answer in writing every suggestion of, and' review every case cited by disappointed counsel, it would be impossible to dispose of *222 the mass of business which impatient suitors are pressing -upon its attention. Counsel must assume that,"the court is familiar with and not inattentive to its own decisions, and have with reasonable intelligence and industry considered their arguments, oral and printed, that are presented for its consideration. This case by reason of its peculiarity, and the novel course of.procedure adopted, and the results which would be likely to follow from establishing it as a precedent, and the great changes which would follow in the practice of the courts, commanded and received a more than usual attention and examination from each member of the court. The fact that two of the judges dissented from the result, should evidence to all that the judgment did not pass sub silentio, or without serious criticism by the judges participating in it.
The majority of the court were of the opinion that the proceedings subsequent to the original decree, for the obtaining of alimony, were absolutely void, the court not having jurisdiction of the parties, if it could be said to have jurisdiction of the subject-matter of the proceeding, twenty years after a final decree and judgment divorcing the parties, without the allowance of alimony, or the reservation of the question as to alimony for future consideration, or reserving leave to the plaintiff to apply for alimony on the foot of the judgment..
The judgment of the court was that the former action, finally terminated by judgment nearly a quarter of a' century before, could not be galvanized into life so as to enable the court to resume jurisdiction of the cause, and of the parties, and give a new or additional judgment therein or entitle the plaintiff to demand alimony based upon the greatly changed condition and circumstances of the parties, from the time when they were divorced. This conclusion was arrived at for the reasons assigned as well by Judge G-roveb, as Judge Allen, and no reason is apparent for a change of opinion. Conceding that it may rest in the discretion of the court whether a void or voidable judgment, upon which no action is taken or proposed to be taken, and which is not being enforced or used agressively, shall be set aside and vacated on motion, or by some *223 other process known to the law, the court has no discretion in the matter of enforcing a judgment, void for want of jurisdiction. It is the absolute right of the party to arrest and stay proceedings upon, and vacate a void judgment, upon which active proceedings are in progress to deprive him of his property, and compel obedience to its mandates. The process against the defendant have been quite summary, and it Avould be strange if the court might in its discretion deny him summary relief. In Foote v. Lathrop (46 N. Y., 358), a judgment had been regularly entered upon an appearance by an attorney, and it was in that case Judge G-boveb says that “ when a judgment has been once regularly entered, no party has a legal right to demand on motion to the court that it be set aside.” It was when the defendant had voluntarily-appeared and answered the complaint in an action for a divorce, and suffered judgment, that Chief Judge Chuboh, said that the court had jurisdiction, and the judgment could not he resisted collaterally. (Kinnier v. Kinnier, 45 N. Y., 535.) The decision in Schaettler v. Gardner (47 N. Y., 404), proceeded on the ground that the judgment sought to be set aside was voidable, and not void. What the decision would have been if the party had been taking active means to enforce the judgment, we do not say. It would be hard doctrine to hold that one who might not have appealed from a void judgment, or who did not choose to appeal, or was not able to do so, should be denied relief in any form against summary measures to enforce a void or voidable judgment against him and his property.
We think the case was properly disposed of, and the motion should be denied with costs.
All concur.
Motion denied.