By the Court.—Ingraham, J.
—It is well settled that the court at special term had power to relieve the defendants from the stipulation entered into by their attorneys (Barry v. Mutual Life Ins. Co., 53 N. Y. 536). At the time the stipulations in action No. 3 was signed defendant’s attorney was in Europe, and both defendants swear that the stipulation had been entered into without their authority, and that, they had no knowledge that either of them had been made until about the trial of the applications to the special term for relief.
I think that under the decision cited by the court, in .granting the order appealed from, there is considerable doubt whether an attorney has authority to make such stipulations as were made in these cases without the--express assent of his client. It was undoubtedly within the power of the court to grant or refuse a favor on condition of making such stipulation; and an acceptance of such a favor would bind the party so accepting it with the terms or conditions on which it was granted; but it does not appear that the stipulations in question were executed under such a direction, but were simply made in pursuance of an agreement between the attorneys for their respective parties.
Without passing on that question, and without passing on the validity of the defenses set up in the amended answer, I think that this was a proper case for the court to relieve the defendants from the stipulations. The original actions were never tried, but judgments were taken by default; the defendants have had no opportunity to try the questions in the regular way, at the regular trial terms; and I think, under the circumstances of these causes, they should have such opportunity. If plaintiffs are entitled to recover, it does not appear that they will be prejudiced by the order appealed from. That provides for security for the payment of any judgment that they may obtain, and the payment to them of the costs of the actions.
I am of the opinion that under all the circumstances of *296 these cases the order appealed from should be affirmed without costs.
Sedgwick, Ch. J., and Truax, J., concurred.