By the Court.—Gildersleeve, J.
The defendant being in default, his attorney entered into a stipulation, by which the default was waived, without the ¡payment of costs, on condition that defendant should interpose only a general denial. Afterwards, the defendant, who claims that such stipulation was made without his knowledge or consent, which assertion is denied by his former attorney who made it, changed his attorneys, and moved to set aside this agreement and for leave to serve an amended answer, setting up, in addition to the general denial, the statute of limitations and an allegation that the agreement of trust mentioned in the complaint was void as against public policy. This motion was argued at special term in March, 1888, and denied; whereupon, on April 9, 1888, an order was duly entered denying said motion, from which order no' appeal was taken. The case came on for trial in November, 1888, and a verdict was rendered for the defendant, the trial judge allowing the defendant to give affirmative testimony tending to show the illegality of the contract and trust set forth in the complaint. An appeal was taken by the plaintiff to the general term, where the judgment in favor of the defendant was affirmed. Thereupon, the plaintiff appealed to the Court of Appeals, where the judgment was reversed and a new trial granted, on the *268 ground of tlie inadmissibility of the defendant’s testimony regarding the illegality of the contract and trust under an answer setting up merely a general denial. See this ease in 38 State Rep., 910. On July 1, 1891, the judgment of the Court of Appeals was duly made a judgment of this court, and on the same day a copy of the order was duly served on defendant’s attorney, with notice of entry. The cause was thereupon placed on the calendar for a new trial, and notice of trial was served for the October term, 1891. On September 26, 1891, the defendant made a second motion, on substantially the same state of facts as the first motion, to set aside the stipulation and for leave to serve an amended answer. This second motion was also denied, and from the order denying the same defendant appeals to the general term.
We are of the opinion that the defendant is guilty of laches. His proper course.would have been to appeal from the order denying the first motion to amend the answer and set aside the stipulation. He was not justified in speculating as to what the result of going to trial on the original answer would be, and then, on finding the Court of Appeals against him, in renewing his motion to amend the answer, nearly four years after making the original motion.
It will not be denied that the court has power to set aside or modify such stipulations as the one in question. See Barry v. Mutual Life Ins. Co., 53 N. Y., 536; People v. The Mayor, 11 Abb., 74; Quinn v. Lloyd, 7 Robt., 542. Nor will it be disputed that the defendant has suffered injury by reason of the stipulation made by his attorney. But in view of the conflict of evidence on the question of defendant’s knowledge and approval of the act of his attorney, and in consideration of defendant’s laches, we do not think this is a case in which the court should interfere to set aside a stipulation^ made by the attorneys for the respective parties, by *269 which one gave up a right in return for the waiver of a right by the other.
The order appealed from is affirmed, with ten dollars costs and disbursements.
Freedman, P. J., and McAdam, J., concurred.