JEREMIAH CASEY, Plaintiff, *v.* HENRY D. LESLIE, as Receiver of THE CASEY MACHINE AND SUPPLY COMPANY, Defendant.

*Evidence cannot be received which contravenes a stipulation —* res adjudicata.

A stipulation made in an action brought by a purchaser at a receiver's sale, as a condition of a denial of a motion for a change of venue, that "upon the sale in question no representations were made by the receiver, except such as appear in the written or printed notice of the conditions of sale," is conclusive upon the parties until revoked by some competent authority, and the admission on the trial of the action of evidence, outside of such "written or printed notice of the conditions of sale," as to such conditions is a sufficient ground for the granting of a new trial.

*Semble,* that a party who has submitted his person and rights in a matter in controversy to a competent court in a foreign State, is concluded by the determination of that tribunal and cannot retry the same questions in the State of New York.

MOTION by the defendant, Henry D. Leslie, as receiver of The Casey Machine and Supply Company, for a new trial on a case containing exceptions, ordered to be heard by the Appellate Division in the first instance upon the verdict of a jury in favor of the plaintiff rendered after a trial at a Trial Term of the Supreme Court held in and for the county of Monroe on the 25th day of January, 1896.

The plaintiff in this action was a stockholder in, and the president of, "the Casey Machine and Supply Company," which was a corporation organized under the laws of the State of New Jersey in August, 1888, with its principal place of business in the city of New York.

In December, 1890, a bill was filed in the New Jersey Court of Chancery, by certain stockholders of the company, alleging its insolvency, and asking for an injunction, the appointment of a

receiver, the distribution of its assets, etc. Thereafter, and upon the 15th day of December, 1890, by an order of the same court, the defendant was duly appointed receiver of such corporation, and thereupon executed his official bond and entered upon the discharge of his duties.

Following the commencement of the New Jersey action, and upon the twenty-ninth day of the same month, one Simon Strauss, who was one of the plaintiffs named in the bill filed in New Jersey, commenced a similar action in the Supreme Court of this State, and upon the 7th day of January, 1891, the defendant was duly appointed receiver of the company by an order of the court in the last-mentioned action.

On the 25th day of September, 1891, the defendant, as such receiver, offered for sale at public auction in the city of New York the property and assets of the Casey Machine and Supply Company, and the same were bid off at such sale by the plaintiff for the sum of $29,500, ten per cent of which sum was paid by him in cash.

It appears that a few days prior to the sale, and upon the twenty-first day of the same month, the plaintiff applied to the Court of Chancery of New Jersey, in the suit there pending, for an order instructing the receiver as to the terms of sale of the company's assets, and that such application resulted in the granting of an order which, as thereafter amended, directed that the terms of sale should be as follows, viz., ten per cent cash upon the day of sale, and the balance in twenty days thereafter — such property and assets to be put up and offered for sale in three different ways, and any stockholder or creditor of the company who shall purchase at the sale to be at liberty to apply to the court for relief as to the payment of the balance of his bid over and above the ten per cent above named, to the end that the whole or such part of the debt owing to him, or the value of the stock held by him, may be credited as a payment on account of his bid, as shall seem under the circumstances to be equitable to the chancellor.

At the conclusion of the sale the defendant delivered to the plaintiff's solicitor a written receipt for the $2,950, which contained a recital that the same was to be applied upon the property sold "under the orders of the Court of Chancery of New Jersey * * *

in accordance with the terms of said orders and the conditions of sale therein founded."

The receiver subsequently made a report of such sale to the chancellor, and the same was duly confirmed, the order of confirmation containing a provision to the effect that the property sold might be delivered to the purchaser prior to the time named in the conditions of sale, provided such purchaser was ready and willing to receive the same, and pay the balance of the purchase money.

It further appears that, upon the expiration of the twenty days specified in the conditions of sale, the plaintiff found himself unable to pay the balance of the purchase money, and, upon his application, the court twice extended his time for the payment thereof. Finally the receiver served him with a notice that he should apply to the chancellor for an order directing a resale, and such application was made and granted upon the 16th of November, 1891, the plaintiff appearing thereon by his solicitor and opposing the same.

The property was thereafter sold to another party for the sum of $11,700, and in November, 1894, the plaintiff brought this action to recover the $2,950 paid by him upon the first sale.

*John Van Voorhis,* for the plaintiff.

*Pierre M. Brown,* for the defendant.

ADAMS, J.:

One of the propositions to which the attention of this court was directed upon the argument of the defendant's motion was that the precise question sought to be litigated in this action was determined by the New Jersey Court of Chancery in the proceedings had in that court, and that consequently it is now *res adjudicata.*

This suggestion is one which would certainly merit and receive careful consideration at our hands, did we regard the issue which it presented as one which it can be fairly said was litigated and disposed of at the Trial Term, for it is undoubtedly true that if the plaintiff has, as a matter of fact, submitted his person and the same rights for which he is now contending to the jurisdiction of a competent court in a foreign State, he is concluded by the determination of that tribunal, and cannot retry the same questions in this State. (*N. Y. & N. J. Tel. Co.* v. *M. T. & T. Co.,* 81 Hun, 453; *Dobson* v. *Pearce,* 12 N. Y. 156.)

But, as just intimated, the record does not disclose, so far as we are able to discover, that this proposition was pressed with very much ardor upon the trial, although it did furnish one of the grounds upon which the defendant moved to dismiss the plaintiff's complaint. The case seems to have been disposed of, however, upon an entirely different theory, and one which was apparently adopted after issue had been joined. We prefer, therefore, to consider this motion from another point of view than the one just adverted to.

The plaintiff in his complaint alleges for his cause of action the sale by the defendant of the property of the company of which he was the receiver, upon terms and conditions substantially the same as those to which reference has already been made ; admits his inability to comply with such terms by paying the entire purchase price in money, and then claims that the New Jersey Court of Chancery acquired no jurisdiction over the defendant, as such receiver, in relation to any sale made in this State ; that consequently the terms and conditions announced at the sale were made upon the individual responsibility of the defendant, and that it, therefore, became his duty to perfect the sale by turning over the property to the plaintiff upon a payment being made by him of a sum equal to the entire indebtedness of the corporation, which, it was claimed, did not then exceed $9,000.

After issue was joined by the service of an answer a motion was made by the defendant to change the place of trial from the county of Monroe to the city and county of New York. This motion was denied upon certain conditions, which were subsequently embraced in a written stipulation, of which the following is a copy, viz. :

"Pursuant to the order dated March 4th, 1895, and entered March 21st, 1895, in above-entitled cause, it is hereby stipulated that upon the sale in question no representations were made by the receiver, except such as appear in the written or printed notice of the conditions of sale.

"Dated *March 26th*, 1896.

"JOHN VAN VOORHIS & SONS,

"To P. M. BROWN,                         "*Plaintiff's Attorneys.*
    "*Defendant's Attorney.*"

The language of this stipulation is quite free from ambiguity, and its import is not difficult of apprehension, for it, in express terms,

declares that upon the sale in question no representations were made by the receiver other than those which appear in the written or printed notice of the conditions of sale, and yet it appears that upon the trial the plaintiff, instead of being confined to the limitations defined by his stipulation, was permitted, over the objection of the defendant's counsel, to detail certain other terms and conditions which, he says, were made, not at the sale, but some seven days prior thereto, on the corner of Fulton street and Broadway, in the city of New York; and the terms and conditions thus detailed were evidently relied upon by him as establishing an absolute agreement upon the part of the defendant to accept from the plaintiff, if he purchased the property in question, a sum of money which should be sufficient in amount to pay the debts of the corporation and the expenses of the receiver, and to permit the balance of his bid to be credited to him and the other stockholders.

It will be seen, therefore, that by admitting this evidence, not only was a different issue presented from the one tendered by the complaint, but it also appears that the jury were instructed by the learned trial court that the only question in the case requiring their consideration was whether or not the agreement testified to by the plaintiff was, in fact, made by the defendant.

We are at a loss to understand, and the record furnishes no satisfactory explanation of, the precise theory upon which evidence of any other conditions than those imposed at the sale was admitted. It is now insisted that this stipulation was not read in evidence, but it appears in the printed appeal book as a part of the record, and it was referred to upon the trial and furnished the ground of the defendant's objection to the evidence we have been considering. It is quite possible that its full force and scope escaped the attention of the trial court, or it may have been supposed that the terms and conditions testified to by the plaintiff, as having been furnished to him by the defendant in the street, were not within, and covered by, the stipulation, because not made upon the sale, but, as we have seen, unless made at the sale, they were not competent for any purpose, because no other terms and conditions are alleged in the complaint.

It necessarily follows that, until revoked by some competent authority, the stipulation was conclusive upon the party making it,

and that a violation of its terms should not have been permitted. (*People* v. *Rathbun*, 21 Wend. 509, 543 ; *Davies* v. *Burton*, 4 Carr. & Payne, 166 ; *Heming* v. *English*, 6 id. 542.) It was doubtless within the power of the court to relieve the plaintiff from its conditions, if good reason could have been shown therefor (*Malin* v. *Kinney*, 1 Caines, 117 ; *Barry* v. *M. L. Ins. Co.*, 53 N. Y. 536), but there is nothing to indicate that any application for such relief was ever addressed to the court, or that the plaintiff has attempted to escape from its legitimate effect in any other way than by simply ignoring it.

We conclude, therefore, that the evidence which was thus admitted over the defendant's objection, was either irrelevant to the issue, or else that its admission was a violation of the terms of the plaintiff's stipulation. In either case the exception to its reception presents error which seems to require a new trial.

The defendant's exceptions should, therefore, be sustained, and a new trial granted, with costs to abide the event.

All concurred.

Defendant's exceptions sustained and a new trial ordered, with costs to abide the event.