In the Matter of the Accounting of VICTOR LAMBERTI, as Administrator of the Estate of HENRY L. LAMBERTI, Deceased Executor, and as Administrator C. T. A. of the Estate of PASQUALE LAMBERTI, Deceased.

Surrogate's Court, Bronx County, May 28, 1943.

*Joseph R. Shaughnessy* for accountant.

*Edward E. Bianco* for objectants.

*Salvato & Salvato*, attorneys *pro se.*

*Gustav Nadel* for Henry M. Flateau, resigned executor.

*Aaron Hulnick* for Humbert Lamberti.

*William J. McArthur* for U. S. Fidelity & Guaranty Company, as surety.

HENDERSON, S. In this contested accounting proceeding, the referee to whom the matter was referred, has filed a report which recites that the various objections to the accounts of the administrator of the deceased executor, and of the administrator *c. t. a.*, have been settled by a stipulation which was read into the record.

A motion to confirm the report of the referee is opposed by the objectants, who pray that such report be vacated **and** that the stipulation contained in the record be set aside.

The assets in this estate now consist of three parcels of realty referred to herein as the Walton Avenue, University Avenue and Ryer Avenue properties. The realty is held by corporations, the stock of which is wholly owned by the estate.

After numerous hearings before the referee, a conference at which all of the parties were represented by their attorneys, was had. In addition to their attorneys, two of the objectants were in attendance in person during the entire lengthy conference, while a third attended a part of it. As a result of this meeting, the agreement above mentioned was reached. It provided substantially that the objections to the account are withdrawn; that the account is accepted as filed; that the Walton Avenue and University Avenue properties be turned over to the objectants subject to 1943 water charges, mortgage interest and taxes which became payable after March 31, 1943; that the Ryer Avenue property be sold and the proceeds, after the payment of certain specified expenses, be paid to the administrator *c. t. a.*; that all parties agree to execute any and all further papers necessary to carry out the sense of the stipulation; that in case of dispute, the papers are to be submitted to the referee for final disposition. It further provided that the closing date shall be March 31, 1943, and that upon the closing of this settlement, all proceedings in all actions will be discontinued.

The obligations and expenses consisting of taxes, water charges, franchise taxes, amortization and other charges which would be immediately due and which the objectants would be compelled to pay upon taking the properties mentioned above, amount to approximately $10,000.

The objectants now allege that they have no money or source of income sufficient to meet these obligations; that the rents from the properties are insufficient to pay them; that if they are compelled to take these parcels with the obligations which they are unable to pay, they would lose the entire amount of the settlement; therefore, the stipulation would work a hardship which the court should prevent by setting it aside.

The administrator *c. t. a.* on the other hand contends that the objectants must show fraud or collusion in order to avoid the effect of the stipulation, and furthermore that relief can only be obtained by action, not by summary motion. He also disputes the contention of the objectants that the rents from the properties would be insufficient to meet the obligations and submits an affidavit of an accountant who audited the books of the corporations in support of his contention.

At the outset, it must be stated that the stipulation is entirely free from the taint of fraud or deceit of any kind. There was no imposition. The parties were present in open court with the exception of one of the objectants; they were represented by attorney who had authority to speak for all the objectants. Full disclosures were made and the complete situation was understood by all present.

" The court unquestionably exercises a large control over all proceedings in an action so long as the action is pending and the parties can be restored to their original position. (*Barry* v. *Mutual Life Ins. Co.*, 53 N. Y. 536 and cases cited.) In the exercise of its discretion, it relieves litigants from stipulations signed by counsel during the pendency of the case, on motion in the action, when * * * the circumstances reveal that the stipulation should not be held, in order to promote justice and prevent wrong." (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435, 445.)

This proceeding to settle the accounts of the administrator of the deceased executor and of the administrator *c. t. a.* is still pending. The report of the referee appointed herein has been submitted to the court for appropriate action thereon. Furthermore, it does not appear that the administrator *c. t. a.* will be prejudiced if the stipulation should be set aside. All of the parties could be restored to their former position in court.

An examination of the papers filed in this proceeding discloses that on or about September 30, 1942, the administrator *c. t. a.* made an application to this court for advice and direction, which was refused, with respect to a sale of the Ryer Avenue property. In support of his application, he executed an affidavit sworn to the 22nd day of September, 1942, in which he stated that " For the past several years, the payments for principal and interest on the several mortgages were not made on time and it was constantly necessary to secure extensions of time from the several mortgagees to cure defaults. So, also the real estate taxes for the past several years were not paid on time and arrangements had to be made with the mortgagees for further time within which to meet the payments. In recent months the mortgagees have shown a change of attitude and an insistence that the terms of the respective mortgages must be met on the due dates. * * *

" From my past experience, it is my considered opinion that the mortgagees will be extremely reluctant to grant any grace periods or extensions of time * * *.

"I am now of the opinion that the situation demands a sale of the Ryer Avenue property rather than a loan by way of a second mortgage. * * *

"* * * I am reluctant to recommend disposing of the property at this time, but I can see no alternative if the other two properties are to be saved."

In view of the foregoing the court is unable to share the opinion of the administrator *c. t. a.* that the properties can readily be operated to meet the necessary payments. The foregoing statements made by the administrator *c. t. a.* lend strength to the contention of the objectants that the rents due or to become due before the end of June will not prevent them from losing the properties.

At the time of the conference it was quite apparent that unless outside moneys were poured into these two parcels, the objectants could not meet the obligations. On one occasion, the referee inquired as to how the objectants were going to continue on the two parcels of property, in view of the fact that statements had been made that the sale of the Ryer Avenue parcel was necessary in order to protect the other two properties. In reply to this inquiry, Humbert Lamberti, speaking for the objectants, stated that they would be able to get such moneys as might be required to carry them until he could straighten out the interest on the mortgage and the taxes.

At other times during the conference when any inquiry was made as to the ability of the objectants to meet the obligations to be incurred, Humbert Lamberti would state that he would borrow the money.

There is testimony to the effect that none of the objectants have any source of income outside of the wages which they earn and no other money, and that therefore they will be unable to meet the payments mentioned herein.

If the necessary moneys could be obtained, the agreement would be equitable and possibly favor the objectants. It now appears that the statements that the objectants could raise this money were ill-considered and foolhardy assertions and were based on no considered inquiry into the prospects of getting a loan.

In view of the fact that nothing has been lost by reason of the stipulation and that if it be set aside all parties can be restored to their former positions in court, and the issues in the proceeding can be tried in the ordinary way and decision rendered on the merits, the court will exercise the discretion vested in it and relieve the parties from the stipulation.

(*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.,* 247 N. Y. 435, 445, *supra; Barry* v. *Mutual Life Ins. Co.,* 53 N. Y. 536, *supra.*)

The motion to confirm the report of the referee is denied and the matter is referred back to him to hear and determine the issues raised by the objections.

Settle order.